Mr. and Mrs. Alcee Chaix, lessees of the residence No. 7829 Burthe Street in the city of New Orleans, brought this suit against Mrs. Rose Viau, the owner and lessor, to recover damages for the personal injuries sustained by Mrs. Chaix on October 12, 1940, when she fell in the hallway of the leased premises. Mrs. Chaix sues for $1,000 and Mr. Chaix seeks judgment for $260.78, representing the expense he has allegedly incurred for the treatment of his wife's injuries. Plaintiffs charge in their petition that the sole cause of Mrs. Chaix's fall was attributable to a defect in one of the floorboards of the hallway which was uneven and contained what carpenters call a "belly", which caused the board to bend under her weight. They further allege that the defendant had been many times notified about the defect in the floor but that she failed to have it repaired until after the accident occurred.
After certain preliminary exceptions to plaintiffs' petition were overruled by the district judge, the defendant filed her answer in which she denied plaintiffs' charges respecting the defect in the floor and alleged that the flooring of the residence was at all times in a sound condition. Alternatively, she pleaded that, if the court should hold that she was at fault in any respect, then plaintiffs' demand should nevertheless be denied because Mrs. Chaix was guilty of contributory negligence.
After a trial on the issues thus presented, there was judgment in favor of the defendant. Wherefore this appeal.
An examination of the record in the case reveals the following facts. The plaintiffs leased the house from the defendant for a period commencing on March 1, 1939, and ending on September 30, 1941. The accident occurred on October 12, 1940, or approximately a year and a half after the plaintiffs had been occupying the premises. Plaintiffs and their witnesses testify that, at the time plaintiffs accepted possession *Page 663 
of the premises, they complained repeatedly to the defendant with respect to the condition of the flooring in the hallway and that the defendant failed to have the defect remedied until after the accident occurred. Their complaint seems to be that the particular board (which Mrs. Chaix claims to be the cause of the accident) was not level with the other floorboards; that it was approximately an eighth of an inch lower than the rest and that it contained a "belly" which would give under weight when it was walked upon. Mrs. Chaix states that, on the morning of the accident, she walked over the hallway floor to answer the telephone and that, as she stepped on the allegedly defective board, her foot evidently struck the uneven place and caused her to fall. No one other than Mrs. Chaix was present at the time of the accident.
The defendant and her son, who acted as her rent collector, denied that complaints concerning the condition of the floorboard were made to either of them prior to the accident and that, after the accident, the floorboard was replaced upon request of the plaintiffs, notwithstanding the fact that there was nothing wrong with it.
The carpenter, who replaced the board, states that he could not find anything materially unsound with it except that it was possibly, to a slight degree (say an eighth of an inch), out of line with the rest of the flooring. The floorboard which was removed was offered in evidence and the district judge, in his reasons for judgment, observes that it is wholly sound and free from decay. We have examined the board and entertain the same view.
The district judge was further of the opinion that, even if the board was slightly out of line or uneven with the other floorboards, this minor defect was not of such a nature as to warrant the conclusion that the floor was unsafe to walk upon or one which could form a predicate for an action in damages. And he also observed that, if any fault could be attributed to the defendant, it seemed plain to him that the proximate cause of the accident was plaintiff's negligence in not using care in walking over the allegedly defective board which she knew to be unsound.
We do not think it necessary to discuss the plea of contributory negligence because we are in accord with the view of the district judge that the alleged defect in the floorboard was not such a defect as to make the floor unsafe for normal use. While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person. The mere fact that the floorboard was not exactly level with the adjacent boards to the extent of one eighth of an inch is too minute a defect to receive serious consideration. Plaintiffs' allegations concerning the existence of a "belly" in the board are disproved by the board itself which, to the naked eye, appears to be perfectly straight. We take cognizance of the fact that there is rarely a house which does not contain some minor defect of construction or which does not become slightly imperfect through use or from conditions of the soil. Imperfections exist in many floors, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in damages.
We are convinced that the fall was one of the many household accidents which happen each day and which are caused through the fault of no one. The testimony of Mrs. Chaix is very vague, as she is really unable to explain with certainty that the floorboard was the motivating cause of her unfortunate fall. Of course her guess is that the unevenness of the floor boards caused her damage, but we do not believe that the evidence warrants this conclusion.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
WESTERFIELD, J., absent, takes no part. *Page 664