Plaintiffs brought this suit to recover damages from the City of Sulphur on account of an accident sustained by Mrs. Rodriguez when she stepped into a hole in the paved sidewalk on the south side of Thomas Street on September 8, 1944, at about 3:30 p.m. Mr. Rodriguez claims medical expenses in the sum of $200, and Mrs. Rodriguez claims $3,000 for personal injuries, including pain and suffering, temporary total disability for two months, and permanent partial disability.
Plaintiffs alleged that Mrs. Rodriguez was proceeding along the sidewalk in a careful manner and was keeping a proper lookout, when she stepped into a hole located in the sidewalk; that said hole was about one foot square and about four inches deep and had been placed there by the employees of the City of Sulphur for the purpose of placing a water cut-off valve therein; that she turned her ankle and fell on her right arm and shoulder, breaking her wrist and wrenching her shoulder; that the defendant was guilty of negligence as the existence and dangerous character of this hole was known to the employees of defendant prior to the accident and they failed to provide a cover for this hole; that as a result of these injuries, she suffered pain and partial permanent disability to her arm and shoulder, having been totally disabled for several months and is still suffering from her injuries.
The defendant denied any negligence on its part, and pleaded in the alternative contributory negligence on the part of Mrs. Rodriguez, alleging that she failed to exercise proper care in walking along the sidewalk; that had she exercised proper care she would have seen the plainly visible and not dangerous hole in the sidewalk.
The trial judge rendered a judgment in favor of Mr. Rodriguez for medical expenses in the sum of $96, and in favor of Mrs. Rodriguez the sum of $650 for her injuries. The defendant has appealed, and Mrs. Rodriguez has answered the appeal, asking that the award in her favor be increased to $3,000, the amount originally prayed for.
[1, 2] It is the duty of a municipal corporation to keep its sidewalks in such a condition that a pedestrian who is ordinarily careful will not be exposed to danger, and such a pedestrian is required to use only ordinary care. He is not required to keep his eyes constantly on the walk in front of him and watch every step he makes. He has a right to assume that the sidewalk is safe for travel, and if he sustains an injury by reason of the unsafe condition of the sidewalk, the burden of showing that he was not using ordinary care, or contributed to the injury by his own negligence, rests upon the municipality. Lemoine v. City of Alexandria, 151 La. 562, 92 So. 58; Holbrook v. City of Monroe, La. App., 157 So. 566.
There is no question but there was a hole or depression in the sidewalk where Mrs. Rodriguez fell. She testified that she was walking along the sidewalk immediately behind her daughter and her grandson when she stepped into this hole and fell. She says the hole looked like it was about 6 inches deep and about 15 inches wide, and grass had grown up in the hole about even with the sidewalk. Mr. Trahan, a former employee of the town of Sulphur, testified that this hole had been in the sidewalk for many years, and some five or six years ago he repaired the water service line for the town and used the hole to change the pipe. He said the hole was put there by the town for a water meter and had not been covered up. After the accident, he cemented the hole along with some others in the town. He says it was 12 inches by 18 inches, but he did not state how deep it was. Other witnesses testified to the depth and condition of the hole, some fixing the depth as much as six inches, while others fixed the depth as around three inches. Practically all the evidence shows that the hole was covered with grass up to the level of the sidewalk.
The hole in this sidewalk was sufficient to cause Mrs. Rodriguez to make a misstep if she was not looking carefully where she was going and watching every step. The depression in this sidewalk was sufficiently *Page 773 
deep and wide to interfere with a person walking and who might assume that the walk was in a reasonably good condition. The courts have never fixed the size or nature of a defect or depression in a sidewalk which could be called defective and dangerous. Each case depends on the particular circumstances relative to the particular defect, including the position of the defect in the sidewalk, its depth, and the opportunity of observing the defect by a person ordinarily using the sidewalk. In our opinion, this defect was sufficient to be classed as a hazard. The town of Sulphur not only had knowledge of this dangerous hole in the sidewalk, but the town itself made the hole and permitted it to remain unprotected for years and until after the accident occurred.
[3, 4] There are two principal reasons which lead us to conclude that Mrs. Rodriguez was not guilty of such contributory negligence as to bar her recovery. In the first place, the testimony shows that this hole in the sidewalk was partly hidden and obscured by the grass which had grown up about even with the surface of the sidewalk. It might be contended that the plaintiff had no right to assume that the hard surface of the walk was just under the grass. But, as has been held by the courts, where a defect is partly obscured from the vision of a person walking along the sidewalk and casually glancing at it, it is not negligence for the pedestrian to fail to make a special examination to determine whether or not the walk is safe.
In our opinion, the case of Parker v. City of New Orleans, La. App., 1 So.2d 123, is very similar to the present case, particularly on the question of contributory negligence. In that case, paragraph 4 of the syllabus reads as follows: "The failure of 85 year old woman, who fell in the daytime because of hole in sidewalk curbing, to observe defective condition of curbing did not constitute contributory negligence barring recovery against city for injuries sustained, where hole was not visible because covered with fallen leaves."
[5, 6] In the second place, the evidence shows that Mrs. Rodriguez was closely following behind her daughter and grandson and assumed, and had a right to assume, that the walk was clear ahead of her as these two pedestrians were traveling immediately in front of her. It is common knowledge that a person walking behind another pedestrian does not usually give as much attention to his footsteps as he does when walking alone.
[7] It is contended by defendant that Mrs. Rodriguez had passed over the sidewalk at this point on previous occasions and should have known of the existence of the hole, however, the testimony does not show that this lady was sufficiently familiar with the condition of the sidewalk at this point to require her to exercise any extra precautions.
[8] The defendant had the burden of showing that Mrs. Rodriguez was guilty of such contributory negligence as to constitute a proximate cause of the accident. We think the town has failed to overcome this burden.
[9] Mrs. Rodriguez sustained a fracture of her right wrist and injury to her right shoulder. She was treated by Dr. Seale for several months, and the last time he saw her she had some limitation in the movement of her wrist, which he thought might be permanent. She also had an arthritic condition in her right shoulder which could have been caused or aggravated by the injury to her shoulder. Dr. Fisher examined Mrs. Rodriguez a little over a year after the accident and found that the fracture had healed with no limitation of motion in the wrist or shoulder. Mrs. Rodriguez testified that she suffered pain in her arm and shoulder for about six months after the accident. The doctor put her arm in a cast for 15 days, and she could not do her household work for several months.
We have concluded to increase the award to Mrs. Rodriguez slightly as we believe the nature of her injuries justifies a slight increase. We think $1,000 would be more in line with awards in other cases where similar injuries were sustained.
For the reasons assigned, it is ordered that the judgment appealed from be amended *Page 774 
by increasing the award to Mrs. Rodriguez from the sum of $650 to the sum of $1,000, and as thus amended, the judgment is affirmed at the cost of defendant in both courts.