TATE, Judge.
The plaintiff appeals from the dismissal after trial of this suit by her to recover damages for personal injuries sustained when she fell down the stairway entrance of the Wurzlow Flower Shop in Houma. The plaintiff’s cause of action is based upon the liability of owners of building for damages resulting from vices or defects in the construction of their building. LSA Civil Code, Article 2322. The defendant-appellee is the liability insurer of the owner of the building.
The plaintiff, a 78 year old lady, slipped and fell on the outside stoop or top stair as she was leaving after a short visit to the flower shop to pay a small bill during the late afternoon of May 9, 1957, a misty, drizzly day. As she described the accident, she opened the door and stepped out with her right foot. Her foot slipped down and in some way her heel caught, causing her to lose her balance, fall, and suffer fairly severe injuries.
It is the theory of her able counsel that the plaintiff’s fall was caused by a misstep upon the edge of the stoop (the door-level top landing), which was insufficiently differentiated by surface-coloring and rise from the next step below it. As counsel poses it, the principal question of this appeal is: “Was the design of the stair and entrance such as to be dangerous to a reasonably prudent person leaving the building?”
In 1955, about two years before the accident, the steps of the flower shop had been leveled and renovated. When approaching the flower shop entrance from the street, there are two steps and a stoop. At the time of the accident, the first or bottom step had a rise (vertical distance from the street) of 3 to 3J4 inches and a tread (the horizontal width) of 9)4 inches; the second step had a rise of 5)4 inches and a tread of 13 inches; and the stoop had a very slight rise over the second step of li/4 to 1)4 inches, with a broad “tread” or landing (level with the door) of 26J4 inches. The tops of all three tread surfaces were similarly covered with broken multi-colored tile set in cement grouting.
It is argued that the plaintiff fell or tripped because of the very slight rise between the second step and the stoop, which was so irregular and slight as to be misleading, especially in conjunction with the similar surface coloring of the stoop and the steps, so that a prudent person might reasonably assume the second step was a continuation of the stoop and level with it, and might therefore overstep the edge of the stoop-tread and trip. The plaintiff’s counsel relies upon testimony that risers of steps should be uniform and succinctly states: “It is common knowledge that all building codes require treads and risers uniform in height. The safety afforded by a stair depends on the proportion of its *883 parts. The most serious hazard on an all-proportioned stair is overstepping the tread in descending. The stair complained of is one in which there was a great variation in the treads and risers — not merely slight irregularities. The variation in the treads (not including the stoop) was as great as 50%, and the variation in the risers, at the time of the accident, was as much as 40%.”
Despite the effort and ingenuity with which counsel has made his argument understandable and persuasive, we nevertheless agree with the trial court that the condition of the stairs in question did not constitute an actionable defect of construction under the circumstances of this case.
The uncontradicted evidence of the only construction witness testifying was that this short three-rise flight of entrance steps was an easier climb than the average, that the use of the similar multi-colored tile coating of each step was common, and that the steps definitely did not constitute a hazard as constructed. We are unable to conclude to the contrary, taking into consideration: the situation of these entrance stairways entirely open to the light of the street; the very slight rises between each of them; that there were only two short steps and the entrance stoop; that never before the present accident, during the two years the stairs had been used by this commercial establishment, had there been complaint of hazard or any difficulty experienced in the use of the entrance stairs; and that reasonable care and observations should be expected of those intending to descend or ascend this short, broad three-level stairway to or from the street.
As stated for the Orleans Court of Appeal by Judge (now Justice) McCaleb in Chaix v. Viau, 15 So.2d 662, 663:
“While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person. * * * Imperfections exist in many floors, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in damages.”
See also: Gosselin v. Stilwell, La.App. Orl., 78 So.2d 235; Grelle v. Patecek, La. App. 1 Cir., 74 So.2d 349; Lawson v. D. H. Holmes Co., Ltd., La.App. Orl., 200 So. 163. And see Madere v. Tranchina, La. App. Orl., 62 So.2d 871, at page 874: “The operator of the establishment was not under the duty of furnishing a perfect or a foolproof step, but only such a step as could be ascended and descended in safety by the exercise of ordinary care.”
For the reasons assigned, the judgment of the trial court dismissing this suit is
Affirmed.