127 So.2d 245 (1961)
Eleanor ST. JULIEN and husband, Plaintiffs-Appellants,
v.
FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.
No. 182.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1961.
*246 Domengeaux, Roy & Wright, by Bob F. Wright, Lafayette, for plaintiffs.
Davidson, Meaux, Onebane & Donohoe, by James E. Diaz, Lafayette, for defendant.
Before TATE, FRUGE and HOOD, JJ.
TATE, Judge.
On the afternoon of July 29, 1959, Mrs. Eleanor St. Julien, wife of James Domengeaux, a prominent Lafayette attorney, fell at the entrance of a Lafayette commercial building. This is a suit by Mrs. Domengeaux and her husband to recover damages sustained thereby from the liability insurer of F. D. Jourdan, the owner of the building. The plaintiffs appeal from judgment dismissing their suit.
The trial court correctly summarized the facts and concluded that the defendant was not negligent, as follows:
"The entrance in question extends from the city sidewalk into an alcove which is about four feet deep. There is a door to the right which is entered to go to the offices on the second floor and a door to the left which is the entrance to a place of business then being operated by Mr. Jourdan. Commencing at the sidewalk and running to its rear wall the alcove had a slope of about six inches and its surface was of terrazzo.
"At the time of the accident it was raining and Mrs. Domengeaux was returning from lunch to resume her duties as secretary in her husband's law firm with law offices located on the second floor of the Jourdan Building. Upon alighting from a friend's automobile she hurried across the sidewalk and to the alcove, where she slipped, fell, and sustained serious injuries to her left arm.
"Plaintiffs claim that the accident resulted from the negligence of the owner of the building in that the entrance was slippery and on an incline, that it had no handrails, canopy, rubber mats, grating or other protective devices for safety purposes, and that the owner knew of the situation and failed to remedy it. On the other hand, the defendant contends that the entrance was in good and usable condition and in no way presented a hazard, * * *
"* * * The evidence shows that the surface of the entrance was of terrazzo of a type generally used in entrances of other places of business in the locality. It was shown that the terrazzo was the type known as `rough' or `outside' terrazzo as contradistinguished from the regular or more slippery type generally used on the inside of buildings.[1]
* * * It is undisputed that the incline from the sidewalk to the back of the alcove amounted to about six inches over a length of about four feet. Although the evidence shows that there were no canopy, handrails, mats or other protective devices at the entrance, the Court is of the opinion that because of the simple construction of the entrance and the slight incline thereof, the owner was in no way negligent because of the condition, type and kind of entrance at the time of the accident. * * *"
Plaintiffs-appellants urge most ably that the trial court's appreciation of the evidence is manifestly incorrect because nine witnesses testified positively that the entranceway in question was slippery because of the terrazzo and the incline. However, these witnesses themselves frankly admitted that the terrazzo surface was no more slippery than terrazzo usually is (Tr. 84, 105, 114, 115, 123-124). The building's owner and the only contractor testifying both stated that the terrazzo entranceway *247 was of a type customarily used in many commercial buildings.
We think that the trial court correctly held that the use of this material at a slight incline in the entranceway did not negligently create a hazard, both we and the trial court having had an opportunity to inspect pieces of the "outside" terrazzo flooring, which were introduced into evidence.
As stated for the Orleans Court of Appeal by Judge (now Justice) McCaleb in Chaix v. Viau, 15 So.2d 662, 663:
"While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person. * * * Imperfections exist in many floors, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in damages."
See also Connella v. Hartford Accident and Indemnity Co., La.App. 1 Cir., 119 So.2d 881; Lawson v. D. H. Holmes Co., La.App.Orleans, 200 So. 163; Battles v. Wellan, La.App. 1 Cir., 195 So. 663.
Tested by such standards, as the latter two cases observed, the circumstance that the entranceway to commercial buildings may be more slippery in wet weather than in dry is not of itself sufficient to constitute actionable negligence on the part of the property owner, when such a condition is observable by a reasonably prudent person of ordinary intelligence and when then the entranceway can be traversed in safety by the exercise of ordinary care. Under this jurisprudence and as shown by the evidence accepted by the trial court, the commercial entranceway involved in the present litigation, although more slippery when wet than ordinarily, was not a negligently maintained hazard to pedestrians exercising ordinary care.
Accordingly, the trial court judgment dismissing the plaintiff's suit is
Affirmed.
NOTES
[1] As shown by the record, terrazzo, which is made of marble chips on a cement base, in general can be classified as "rough" or "polished". The "polished" terrazzo is smoothed by eroding the marble chips and the cement base with a grinding machine, and the "rough" terrazzo is polished less, so that the surface has a rougher texture.