BOLIN, Judge.
This is an action by Isaac W. Hopper and Mrs. Mary Ruth Hopper, husband and wife, for personal injuries sustained by the wife and for medical expenses incurred by the husband as the result of an accident involving Mrs. Hopper. The lower court rendered judgment against the defendants, in solido, in favor of the husband in the sum of Ninety-three and 50/100 ($93.50) Dollars for medical expenses, and in favor of the wife in the sum of Three Thousand and No/100 ($3,000.00) Dollars for personal injuries. From such judgment, defendants have appealed to this court asking that the judgment be reversed, and in the alternative, that the award made in favor of Mrs. Hopper be reduced.
The circumstances surrounding the accident can be simply stated. Plaintiffs live at the northwest corner of Vivian Street .and Hearne Avenue, Shreveport, Louisiana. Sometime during mid-1958, in connection with the Hearne Avenue Project by the State Department of Highways, Southern Bell Telephone and Telegraph Company was required to relocate its telephone cables. For this purpose, a ditch approximately one foot wide and thirty inches deep was dug along the west side of Hearne Avenue and this ditch passed near plaintiffs’ east property line. The cables were laid, the ditch refilled, and the fill was supposedly packed and repacked. This work was done by Crescent Construction Company, insured by Maryland Casualty Company, by contract with Southern Bell, and all were made defendants herein.
Mrs. Hopper, on going to her garage which opened onto Hearne Avenue, stepped onto the filled ditch and bogged to her knee. As a result, she fell forward and sustained rather severe injuries to her knee which necessitated hospitalization for several days in November. A portion of this time, her knee was in a cast.
Mrs. Hopper, at the time of the fall, was under treatment for a malignancy of the breast which had spread to her lungs. She was under the care of Dr. Wallace Brown who also treated her for the injuries complained of herein.
In their answer, defendants affirmatively pleaded prescription of one year by claiming the accident occurred September 23, 1958, whereas the suit was filed September 29, 1959. Plaintiffs, in their petition, alleged the accident occurred September 30, 1958, but both plaintiffs, over defendants’ objections, testified that the accident occurred October 7, 1958. In the alternative, defendants also interposed a plea of contributory negligence and the doctrine of last clear chance.
The first issue before us is that of prescription. Defendants contend the testimony of plaintiffs and their witnesses concerning the weather conditions on the day, or night before the accident, clearly shows the fall occurred on September 23, 1958. The appellants argue this is true because the reports of the United States Weather Bureau fails to disclose any precipitation on October 6 or 7, 1958, whereas plaintiffs both testified it rained during the day or night immediately preceding the accident. To bolster their position, the court is also cited to the deposition of Mrs. Hopper *103 taken before the date of trial below wherein she states the accident could have taken place a week earlier or a week later than September 30, 1958, the date alleged in the petition.
Defendants contend that since the record from the doctor’s office also shows an injection was given on September 23, 1958, which date was, in their belief, more related to the muddy conditions shown by plaintiffs’ evidence, this was the date of the accident which was more than one year from date suit was filed. However, Mrs. Hopper testified on the trial the date was October 7, 1958, instead of September 30, of the same year. She stated that she was able to establish such date by the recollection of two circumstances. The first of these was that she remembered the day of the accident was the day of her regular appointment with Dr. Brown for certain injections; and her bills reveal that she received an injection on October 7, 1958, but not on September 30. Mrs. Hopper also recalled that on the day of the accident certain friends were in town on the way to a convention which was held in October 1958. We believe that plaintiffs have established that the date of the accident was within one year from the date of the filing of the petition.
The plea of prescription is based primarily upon the records of the weather bureau showing an absence of precipitation during the period immediately prior to the accident. However, these records do not affirmatively establish that no rain fell in the vicinity of plaintiffs’ home during this time. This is only evidence to be considered with all other facts presented. As Mrs. Hopper testified positively from the recollection of independent events that the accident occurred on October 7, 1958, and we are of the opinion that defendants have not shown the action to have been prescribed. Therefore, we agree with the court below and reject the plea of prescription.
We now pass to a consideration of the case on the merits. Defendants contend that Mrs. Hopper should be considered a licensee, or at most an invitee, and the rules of responsibility of occupants of land in such cases should be considered as controlling. It is their position that if she was a licensee or invitee, no liability could be assessed under the facts of the instant case. We do not agree with this argument advanced by defendants. At the time of the accident, Mrs. Hopper was using a public right of way. In excavating the ditch on this right of way, these defendants did not thereby acquire a superior right over such a pedestrian. It cannot be seriously argued that pedestrians were unauthorized to be in the place where Mrs. Hopper was injured. This is further shown by the fact that a paved public sidewalk has now been placed over the ditch. Therefore, we are presented with a case involving injury to a person by another, both being rightfully in the place the accident occurred. The issue, therefore, resolves itself into a determination of the negligence of defendants.
The defendants, through their employees, excavated the ditch, filled it, packed the ditch and knew that it should 'be repacked after heavy rains. In fact, an employee of the telephone company testified he told the construction company that soft spots had developed after one rain. Yet, the evidence most favorable to defendants shows that the ditch .was repacked only after the first rain after completion of the job. It was also shown that the employee of Southern Bell who was responsible for the inspection of the job did not test the filling except by sight.
We believe these circumstances warrant a conclusion that the defendants knew of the occurrence of soft spots in the ditch after filling and that such presented a hidden danger to those crossing the excavation. It is our opinion the failure to correct the defect or to provide adequate *104 warnings of same was a breach of duty Owed to plaintiffs.
Even if it be conceded, arguendo, that Mrs. Hopper was a licensee or invitee, we think the hidden nature of the danger brings her within the protection afforded by the principles relative thereto. As was said in Alexander v. General Accident Fire & Life Assurance Corporation, La.App. 1 Cir., 1957, 98 So.2d 730, 732, certiorari denied:
“A licensee is one * * * and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.” (Emphasis partially ours.)
The ditch was covered and gave the outward impression of solidity and, by its nature, constituted a pitfall or trap within the knowledge of defendants and plaintiff can recover under the circumstance presented here, even if classed as licensee.
 Therefore, defendants can escape liability only if contributory negligence can be assessed against Mrs. Hopper under the plea filed by defendants. The general rule with regard to contributory negligence was concisely stated by Judge Gladney, as organ of this court, in Veal v. Employers Liability Assurance Corp., La.App. 2 Cir., 1959, 108 So.2d 242, 246, as:
“ * * * The law is clear that one who knows, or in the exercise of ordinary care should have known and appreciated, the existence of danger from which injury might reasonably be anticipated must exercise ordinary care to avoid such injury * *
It is also true that the burden of proof rests with the one raising such plea. Adams v. Dantin, La.App. 1 Cir., 1959, 107 So.2d 809; Service Fire Insurance Co. of New York v. Indiana Lumbermans Mutual Insurance Co., Orleans App.1959, 111 So.2d 358.
The contentions of defendants with regard to this plea were that Mrs. Hopper knew of the construction work and knew generally the location of the ditch. They argue that she was, therefore, negligent when she did not step over the ditch instead of stepping on the fill. However, the testimony of plaintiff and other witnesses show that, in the area near the garage of plaintiffs, the dirt used in the fill had washed in such a manner so as to obscure the outlines of the ditch. In fact, the ditch was hidden to the extent that Mr. Hopper, so he testified, also stepped on the soft fill while aiding his wife. Therefore, the danger was not apparent to Mrs. Hopper and she is not to be denied recovery for failing to anticipate the hidden danger which caused her injury.
The only issue remaining is that of quantum. Plaintiffs have not asked for an increase in the award but defendants urge this court to reduce the judgment. However, Mrs. Hopper suffered a rather severe injury to her leg consisting of a sprain of the right knee with a tear of the medial collateral ligament, together with joint effusion. Mrs. Hopper was hospitalized and placed in traction for a period of ten days. It was also her testimony that she was still bothered by her knee and unable to carry on her housework in the same manner as before the accident.
Dr. Wallace Brown was the treating physician and the only medical witness who testified. It was his initial opinion that the injury was not a permanent one but, at the time of the trial, he stated the condition of the knee would persist indefinitely. He also stated the injury would be affected by the amount of activity engaged in by Mrs. Hopper.
 It has been said many times that damages for personal injury are to be determined from the facts of each case. In Burton v. Southwestern Gas & Electric Co., La.App. 2 Cir., 1958, 107 So.2d 62, 66, it was said:
“We have taken occasion to note in former opinions that in the determina *105 tion of damages for personal injury, our courts have frequently pointed out much discretion is left to the judge or jury and such determination should not be disturbed except for serious and manifest error. Certainly no definite rule for the measurement of damages in personal injury actions can be applied to fit all occasions, but each case must be determined from its peculiar facts. sH * * ”
Under the circumstances presented herein, the award of the trial court is not excessive.
For the reasons assigned, the judgment of the court below is affirmed at appellants’ cost.
Affirmed.