143 So.2d 389 (1962)
Roland P. DAIRE, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 591.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1962.
Rehearing Denied July 27, 1962.
Certiorari Denied October 9, 1962.
*390 Fruge & Foret, by J. Burton Foret, Ville Platte, for defendant-appellant.
Fusilier, Pucheu & Soileau, by L. O. Fusilier and J. William Pucheu, Ville Platte, for defendant-appellee.
Before TATE, SAVOY, HOOD, CULPEPPER, and McGEE, JJ.
TATE, Judge.
This is a personal injury suit. On May 23, 1960, the plaintiff fell from the porch of a building owned by Wilfred LaHaye and Clifton Fruge. Made defendant is the Southern Farm Bureau Casualty Insurance Company, which had issued to LaHaye, Fruge, and another a "Farmer's Comprehensive Personal Liability Policy" covering their personal liability to others arising out of the use, ownership, or maintenance of a certain seven hundred acre "farm premises" located at a described address. The defendant insurer appeals from a judgment awarding the plaintiff $21,365.26.
In urging reversal, the defendant-appellant contends in several alternatives:
(1) That the insurance policy in question did not apply to the building involved in the plaintiff's accident;
(2) That the trial court erred in holding that the plaintiff was a licensee by invitation (i. e., an invitee), rather than a licensee by permission, and in thus holding the insureds to the greater duty owed to an invitee as compared with the lesser duty owed to a licensee;
(3) That the insureds were not negligent, and that, even if they were, the plaintiff is barred from recovery by his own contributory negligence.
The defendant-appellant further contends that the award was excessive, in the event it is held liable for the plaintiff's injuries.

I. Coverage.
The allegedly defective building which caused the plaintiff's injuries was situated within the limits of the 700-acre farm premises described by the policy as insured. It was situated close to Miller's Lake, which was also within these premises.
Under the policy, "premises" was defined as, inter alia, "all premises which the named insured * * * owns * * * or operates as a farm * * * and includes * * * other premises and private approaches *391 thereto for use in connection with said farm * * *".
The defendant contends that the building in question was used as a camp and not for farming purposes, and that it therefore was not within the coverage of the policy.
The policy, however, insured not only all premises owned and operated as a farm at the address in question, but additional included "other premises * * * for use in connection with said farm". The building in question was situated on the described farm premises. It was also used "in connection with" the farming operations; for the use of the building "in connection with" farming operations means that its use must only be related to or associated with the ownership or operation of the farm, not that the primary or only purpose of such use must be for farm purposes. See Keenan v. Wactor, La.App. 3 Cir., 130 So.2d 800, certiorari denied (especially syllabus 6). As the trial court stated, the building "is used as part of the over-all farming operation of said farm. * * * [I]n fact, the working hands on the farm, the Negroes, often use the camp to cook and so forth. [I]t is apparent to this Court that the camp is part and parcel of the farm insured under said policy."
We therefore have no difficulty in finding that the building in question, although much used as a fishing camp, was covered by the policy along with the purely farming structures situated upon the insured premises. See also 7A Appleman's Insurance Law and Practice, Sections 4493.2 (p. 18) and 4493.3 (p. 22).

II. The plaintiff an invitee or a licensee?
The trial court held that the plaintiff was an invitee to whom the insureds owed the duty of reasonable care, which included the reasonable duty of prior discovery and correction of or warning against latent dangers. (As stated in Alexander v. General Acc. Fire & Life Assur. Corp., La.App., 98 So.2d 730, 734: "* * * the more general rule is that an express invitation to be on the premises, as distinguished from a merely permissive use thereof, carries with it an implied assurance to the invitee that the premises are reasonably safe for his use and that the host has exercised ordinary care for his safety.")
Able counsel for the defendant-appellant contends, on the other hand, that the plaintiff was merely a licensee by permission, relying upon the distinction set forth at 65 C.J.S. Negligence § 32, p. 488. "A distinction has been made, in this connection;, between a licensee by invitation and licensee by permission, to the effect that to a licensee by invitation the owner or occupant of the premises assumes the obligation of making and maintaining them in a reasonably safe condition for the use of licensee while he remains thereon by virtue of the invitation, and for a violation of this duty owner or occupant is liable in damages to the person injured thereby who is himself free from contributory negligence; whereas a licensee by permission takes the premises as he finds them as to any defects thereon, and the owner is not liable for any injury resulting to such licensee owing to defects on the condition of the premises, subject to the exception that owner or occupant must not willfully or wantonly cause injury to the licensee."
The accident occurred at 10:30 P.M. in the evening. The insured, LaHaye and Fruge, together with the plaintiff and three other men had met at the camp on the insured premises at about 6:30 P.M., just after sundown. They had cooked a supper and had played cards until the party broke up. The plaintiff tripped and fell off the porch as he was leaving the building, severely fracturing his ankle.
Able counsel bases his contention that the use of the premises was permissive rather than invited upon the testimony of LaHaye, the insured, to the effect that he recalled that the meeting took place at his camp upon the suggestion of the others in a meeting of the group earlier in the day; LaHaye, *392 who made a most honest and straight-forward witness, admitted, however, that he could not actually swear that the permitted use of his camp, (some eighteen months before the trial) took place only in this manner, and two other participants testified that LaHaye himself had proposed to the others that they use his camp for the supper that evening.
In either event, within the ordinary meaning of the terms LaHaye had expressly "invited" the group to use his camp for the joint supper to which each of the participants including himself was to contribute his share of the expenses, and the plaintiff Daire was an "invitee" rather than a licensee (considering that in Louisiana, unlike in many other jurisdictions, a social guest is held to be an invitee, see Alexander v. General Accident F. & L. Assur. Corp., La.App., 98 So.2d 730, and Crittenden v. Fidelity and Cas. Co., La.App. 2 Cir., 83 So.2d 538). As stated in the cited Alexander case at 98 So.2d 732, "An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage."

III. Negligence or not of the insureds: contributory negligence, if any, of the plaintiff.

The most substantial question of this appeal concerns the liability vel non of the insureds based upon allegedly actionable defects or vices in their building.
As recently re-stated in Connella v. Hartford Acc. and Indem. Co., La.App. 1 Cir., 119 So.2d 881, 883: "`While it is true that the owner of a building is liable for the vices and defects of construction or for his failure to make adequate repairs, this does not mean that he is an insurer of the safety of the occupants of the house for accidents which may befall them through their lack of ordinary observation and care. The vices and defects spoken of in the Articles of the Civil Code must be substantial or those which are likely to cause injury to a reasonably prudent person. * * Imperfections exist in many floors, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in the damages.'"
Counsel argues most forcefully that any defect which caused the plaintiff to trip and fall was of the sort that should reasonably be expected in a fishing camp of the nature here involved, so that the insureds were not negligent in failing to correct or warn against them, and so that the plaintiff was contributorily negligent in failing to take care to avoid injury through such defects reasonably to be anticipated.
The accident took place on the small and relatively narrow entrance porchway, at the door to the camp. As the plaintiff was leaving, his shoe caught on something on the porch floor; he stumbled and tripped off the porch onto the ground. This was the first time the plaintiff had ever gone to the camp.
About two months after the accident (when all witnesses concede that the condition of the porch was the same as at the time of the accident), the plaintiff and LaHaye, the insured, went back to inspect the porchway, since the plaintiff wanted to see what had made him fall. Upon close inspection, both of them found that the head of a large 18-penny nail protruded from the flooring in the center of the porch, in a direct path between the door and the concrete block used as a step between the porch and the ground. LaHaye estimated that this nail protruded about 1/16" to 1/8" above the surface of the flooring; the plaintiff estimated ½". The testimony of both of these witnesses indicates that the protrusion of the nail was not noticeable except upon close inspection.
An eye witness to the accident had testified that the plaintiff stumbled in the area of this nail in the center of the porchway.
In addition, the evidence shows that, due to a rotting sill, the weight of a man walking *393 on entrance porchway would cause some of the boards to be slightly depressed below the level of the rest. As the defendant contends, the almost uncontradicted evidence shows that, by the time the pictures of the porchway were taken a year and a year and a half after the accident, the rotted sill had deteriorated far more than the condition evident at the time of the accident. Nevertheless, an expert with ten years' experience in the construction and lumber field inspected the premises just before the trial and testified, without contradiction in the record, that this rotting must have commenced to some degree before the time of the accident, eighteen months earlier.
On the other hand, the planking itself of the porchway was solid and in good condition. To all apparent observation the porchway planking seemed solid and ungiving; this is corroborated by the testimony and picture taking by the defendant's adjuster, who jumped up and down upon the boards and testified that "considering all, the porch was solid". (Tr. 326.)
We think the preponderance of the evidence proves that the plaintiff tripped due to the defective condition of the porchway most probably on the protruding nail, but possibly also on the planking, part of which his weight had caused to give slightly below the level of the rest of the floor.
In Levert v. Travelers Indemnity Co., La.App., 3 Cir., 140 So.2d 811, we recently restated the duty of an owner to an invitee as follows, with extensive citation of authority:
"The duty of an occupier of premises to an invitee is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises, and correction thereof or a warning to the invitee of the danger.
"On the other hand, the occupier does not insure an invitee against the possibility of accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from a danger which is observable or which should have been observed by the invitee in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it."
Applying this standard, the trial court correctly, in our opinion, held the defendant insurer liable for the plaintiff's injuries sustained in the fall resulting from the defective condition of the insured premises. At the time of the accident, the porchway seemed to afford a safe and unobstructed entranceway into or exit from the camp. But in fact it did not, for the protruding nail in the direct path between the door and the step, and the slightly giving planking there, cause a foreseeable danger of tripping and falling from the narrow porchway to those obliged to use this pathway, a danger all the greater because the hazard was concealed from the reasonable observation of an ordinarily prudent person entering or leaving the camp, entitled to assume that the entranceway was reasonably safe for its intended use. See, e. g., Corkern v. Travelers Ins. Co., 229 La. 592, 86 So.2d 205; Merchant v. Montgomery Ward & Co., La.App. 1 Cir., 83 So.2d 920; Rodriguez v. City of Sulphur, La.App. 1 Cir., 28 So.2d 771. Yet the dangerous defects in the premises were reasonably discoverable by the owners, who used the premises frequently and who by their invitation to others by implication assured the latter that they had provided a reasonably safe entranceway *394 and exit for their use, so as to make the owners liable to those injured by reason of these unduly dangerous defects. See Alexander v. General Acc. Fire & Life Assur. Corp., above-cited.
Likewise, the plaintiff, who was injured on the occasion of his first visit to the camp, was not contributorily negligent for having failed to observe and to appreciate the hazard created by these barely noticeable defects, unobservable by the normal and reasonable observation of an ordinarily prudent person entering or leaving the camp under the reasonable assumption that the entranceway was reasonably safe for its intended use. Hopper v. Maryland Cas. Co., La.App. 2 Cir., 129 So.2d 101; Dyer v. Stephens Buick Co., La.App. 4 Cir., 125 So. 2d 185; O'Pry v. City of Opelousas, La. App. 3 Cir., 124 So.2d 333. Nor is there any evidence to support the defendant-appellant's contention that the plaintiff's fall was occasioned by any intoxication on his part.

IV. Quantum.

The uncontradicted medical testimony shows that as a result of the fall the plaintiff suffered a very serious ankle injury and that as a result thereof he is permanently disabled from performing any work, such as that for which he had been trained and in which he had been engaged for several years prior to the accident, which required climbing or weight-bearing.
The plaintiff sustained multiple fractures of the ankle and tearings of the ligaments therein, an injury described by one of the medical witnesses as having torn just about everything that holds the ankle together; he suffered excruciating pain at the time and severe pain over the prolonged period of treatment, which included extended hospitalization and major surgery. As a permanent residual, he is 75% disabled from the use of his foot, is unable to perform duties requiring weight-bearing or climbing or extended walking, and has persistent pain and swelling in his ankle which increases upon use. He has only been able to secure part-time employment with sitting-down duties since his medical discharge.
We find no error in the trial court's award of twenty thousand dollars, plus proven medical expenses, for these painful and permanently disabling injuries, as well as the loss of earnings thereby occasioned. Broussard v. Savant Lumber Co., La.App. 3 Cir., 134 So.2d 369; Fullilove v. U.S. Casualty Company of N. Y., La.App. 2 Cir., 129 So.2d 816; Hidalgo v. Dupuy, La.App. 1 Cir., 122 So.2d 639.

Decree.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of the defendant-appellant.
Affirmed.
HOOD, J., dissents and assigns written reasons.
CULPEPPER, J., dissents for the reasons stated in Judge HOOD's dissenting opinion.
HOOD, Judge (dissenting).
In my opinion the evidence does not establish that at the time of the accident there was a nail protruding above the floor of the porch or that the flooring was not solid at the place where plaintiff says he tripped. If those conditions did exist at that time, however, then I think the evidence fails to establish that there was any relationship between them and the accident. Upon finding a protruding nail and some loose floor boards two months after the accident occurred, plaintiff simply speculated that one of those two conditions must have been what caused him to fall.
Assuming, however, that plaintiff was an invitee and that he did trip on a nail head which slightly protruded above the surface of the porch floor or on a loose plank, I think the majority has erred in its interpretation of the law relating to the duty of the *395 owner of premises to his invitee. The jurisprudence, I think, has been established to the effect that the social guest is an invitee, as to whom the duty of the owner is that of reasonable care for his safety commensurate with the particular circumstances of each case, and not that of an insurer against the possibility of accident. Cassanova v. Paramount-Richards Theatre, 204 La. 813, 16 So.2d 444; Chaix v. Viau, La. App.Orl., 15 So.2d 662; Crittenden v. Fidelity and Casualty Company of New York, La. App. 2 Cir., 83 So.2d 538; Alexander v. General Accident Fire and L. Assurance Corporation, La.App. 1 Cir., 98 So.2d 730 (Cert. denied); Williams v. Loew's, Inc., La.App. 4 Cir., 126 So.2d 13 (Cert. denied); St. Julien v. Firemen's Fund Ins. Co., La.App. 3 Cir., 127 So.2d 245.
In Chaix v. Viau, supra, the plaintiff tripped on a floor board which was uneven and contained what carpenters call a "belly" which caused the board to bend to her weight. The court in holding that there was not liability on the part of the owner of the premises in that case, said:
"* * * We take cognizance of the fact that there is rarely a house which does not contain some minor defect of construction or which does not become slightly imperfect through use or from conditions of the soil. Imperfections exist in many floors, but, unless the defect be such as one would expect to cause injury while the premises are being subjected to normal use, it will be regarded as an insufficient basis for an action in damages."
In Crittenden v. Fidelity and Casualty Company of New York, supra, the Court quoted the following pertinent language found in 65 C.J.S. Negligence § 50, p. 541:
"`The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers.'"
Also, in Alexander v. General Accident Fire & L. Assurance Corporation, supra, the Court said:
"* * * the social guest is an invitee, as to whom the duty of the owner of the premises `is not to insure him against the possibility of accident, but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved,' Crittenden v. Fidelity & Cas. Co., 83 So.2d 538, at page 540." (Italics added.)
The accident involved in this case occurred on the porch of a building which was used as a fishing camp. The camp was constructed of old and used lumber and obviously was a roughly constructed building. It seems to me that plaintiff, or anyone else using the premises, should have expected some protruding nails or unevenness on the floor of the porch. If the owner of the premises had had actual knowledge of these conditions (and the evidence shows that plaintiff had as much knowledge of them as did the owner), there would have been no duty on his part, I think, to have warned his invitees of that condition.
In my opinion, the conditions which the majority has found to have caused plaintiff to trip and fall were not defects or conditions which were in the nature of hidden dangers or traps which could not have been observed by the invitee in the exercise of ordinary care. I think plaintiff in this case assumed all normal, obvious or ordinary risks attendant on the use of the premises, and that the insureds were not negligent in failing to correct or warn against the alleged conditions. The effect of this *396 decision is to make owners of such buildings as that involved here absolute insurers of the safety of all social guests, an unreasonable burden under the particular circumstances here involved.
For these reasons I respectfully dissent from the judgment rendered herein.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD and CULPEPPER, JJ., are of the opinion that a rehearing should be granted.
FRUGE, J., recused.