170 So.2d 248 (1964)
Mrs. Mary Rose MURPHY, Wife of and Robert F. L. TETE
v.
NEWARK INSURANCE COMPANY et al.
No. 1541.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Rehearing Denied January 11, 1965.
*249 Thomas Barr, III, New Orleans, for plaintiffs-appellants.
Loeb & Livaudais, Marcel Livaudais, Jr., New Orleans, for defendants-appellees.
Before REGAN, SAMUEL and TURNER, JJ.
SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit to recover damages resulting from a fall by the wife while in a shopping center. Defendants, the owners of the shopping center, their liability insurer and the operator of the store in front of which the accident occurred, answered averring no fault on their part and, alternatively, pleading contributory negligence. After a trial on the merits there was judgment in favor of defendants and against plaintiffs, dismissing the latters' suit at their cost. Plaintiffs have appealed.
There is no dispute about the facts. Between 5:15 and 5:30 p. m. on November 9, 1961 plaintiffs were driven to the Carrollton Shopping Center by their friend, a Mrs. Cochran. At that time Mrs. Tete was approximately 59 years of age with good vision through the use of glasses she had worn for many years. It was her first visit to the shopping center which is located in the City of New Orleans and is bisected by Dublin Street.
The three persons first visited that part of the Center located on the Carrollton Avenue side of Dublin Street. The area there, in the vicinity of the Gus Mayer store, consists of numerous parking spaces designated by diagonal yellow side lines 4 to 5 inches in width with similar yellow front lines. A roadway passes between the parking spaces and the sidewalk. The sidewalk curb also is painted yellow.
After visiting the Gus Mayer store the three persons re-entered the car and drove across Dublin Street to the other side of the Center. This area is "U" shaped and *250 has stores on three sides with parking facilities in the center of the "U" and in front of the sidewalks on each side. On one side of the area, the first to plaintiffs' right as they were driven in, the parking lines run to the sidewalk curb but on the other two sides there is a concrete barricade or bumper approximately 5 inches high and 6 inches in width a distance of 3 to 3½ feet from the curb. The curbing, the bumper and the diagonal side lines delineating each parking space all are painted yellow. The bumper contains openings through which pedestrian traffic may pass. It serves the same purpose as the front line in the parking spaces on the other side of Dublin Street and of the curb on the first side of the area in which the accident occurred and prevents a parking car from a closer approach to the curb.
After proceeding around the first and second sides of the area plaintiffs' driver used a parking space on the third side in front of LaBiche's store. The lights in the area were not on. Mr. Tete got out of the automobile on the right side and then assisted his wife from the vehicle on the same side. While he waited for Mrs. Cochran, who was coming around the rear of the car from the driver's side, Mrs. Tete proceeded to walk towards the sidewalk. She tripped on the bumper and fell heavily, fracturing her wrist. There were only a few cars parked in the vicinity and none were in the next few parking spaces to the right of the Cochran automobile.
Plaintiffs contend the bumper over which Mrs. Tete tripped was dangerous and in the nature of a trap. They argue that Mrs. Tete was confused and led to believe she was crossing only a yellow line and not a raised yellow bumper because: (1) the bumper was painted the same color as were the lines marking the parking spaces and sidewalk curbs; (2) there was no bumper and cars were allowed to go to the sidewalk curb on one side of the parking area in which the accident occurred; (3) there was no bumper, only a line, in the area in which plaintiffs' car first parked; and (4) at the time the accident occurred it was dusk and no shopping center lights were on. They rely on St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273. We do not agree with the contention.
It is clear from the record that prior to the accident Mrs. Tete did not observe the side of the parking area where cars were permitted to park to the curb; she saw that area only after the accident upon her return to the scene at a later date. It follows that any difference between parking space markings on opposite sides of the area could not confuse her. Nor do we believe Mrs. Tete reasonably could have been confused by the difference between the parking space markings in the vicinity of the Gus Mayer store and those in front of LaBiche's where the accident occurred. The presence of the vehicular roadway by itself is an obviously noticeable difference. We are also unimpressed by plaintiffs' argument relative to the fact that it was dusk at the time the accident happened. The only evidence concerning visibility was the testimony of the two plaintiffs themselves. They testified, without elaboration, that it was dusk and the lights of the Center were not on. There is nothing in the record suggesting that visibility was not good or that there was any need for lights. We therefore conclude that in view of the time of day and year, between 5:15 and 5:30 p. m. on November 9, visibility was at least sufficiently good for Mrs. Tete to see the bumper over which she tripped.
The case relied upon by plaintiffs, St. Paul v. Mackenroth, supra, is distinguishable. There the cause of the accident, a four inch elevation in a sidewalk which was held to constitute a trap, was an obvious and dangerous defect and the accident happened after dark in an area shaded by trees. The only illumination, a light bulb on an adjacent garage, was ineffective and cast shadows obscuring the defect. In addition, in St. Paul the court also found plaintiff had been walking in a reasonable manner, exercising ordinary care and prudence. *251 None of these facts are present here.
Storekeepers and property owners are not insurers of the safety of their invitees; they are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof, i. e., free of defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises and storekeepers or owners are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care. Daire v. Southern Farm Bureau Casualty Ins. Co., La.App., 143 So.2d 389; Levert v. Travelers Indemnity Co., La.App., 140 So.2d 811; Connella v. Hartford Accident and Indemnity Co., La.App., 119 So.2d 881; Alexander v. General Accident Fire & Life Assurance Corporation, La.App., 98 So.2d 730; Crittenden v. Fidelity & Casualty Company of New York, La.App., 83 So. 2d 538; Chaix v. Viau, La.App., 15 So. 2d 662; Burdeaux v. Montgomery Ward & Co., La.App., 192 So. 728.
There is no fixed rule for determining whether or not a defect in the premises is dangerous or in the nature of a trap; the facts and surrounding circumstances of each particular case control. White v. City of Alexandria, 216 La. 308, 43 So. 2d 618; see St. Paul v. Mackenroth, supra.
In some material respects the instant case is similar to Magoni v. Wells, La. App., 154 So.2d 524, and what this court said on page 526 of Magoni is here applicable:
"* * * However, notwithstanding the similarity of the design of the floor covering on the two levels, we do not think that the step down was imperceptible and we cannot understand why plaintiff, had he been paying attention, could have failed to observe, while walking down the passageway, that he was approaching a step down which must be negotiated for a descent to the lower level of the mezzanine floor."
The trial court found that if Mrs. Tete had been walking in an ordinarily careful and prudent manner she could not have failed to observe the bumper over which she tripped. We are in agreement with this finding.
The judgment appealed from is affirmed.
Affirmed.