PRICE, Judge
(dissenting).
I must respectfully dissent from the majority opinion. The condition of the concrete and metal threshold alleged to be defective is not such a defect which would impose liability on either the owner of the building, Hogan, or the lessee (proprietor), Mrs. McCormick.
An owner of a building is not the insurer of the safety of persons lawfully on his premises. The vices and defects which give rise to liability on the part of the owner, as in accordance with the articles of the Louisiana Civil Code, must be substantial defects which would cause injury to a reasonably prudent person. Minor imperfections are to be expected in buildings and these do not subject owners to liability if injury results therefrom unless they could reasonably be expected to cause an injury. Chaix v. Viau, La.App., 15 So.2d 662.
The evidence discloses the metal strip was fastened securely and, therefore, would have posed no danger to a person stepping into the entranceway in a normal and prudent manner. Had plaintiff exercised the degree of care reasonably expected of a person wearing sandals in stepping onto *379 or over this threshold, she would not have sustained the fall and resulting injury.
Plaintiff acknowledges that she was aware of the nature of the threshold and of the necessity to step up and over it as she entered the building. This she obviously did not do, and consequently she is guilty of negligence which caused her own injury and bars her recovery.