PRICE, Judge.
Bennie J. Hudgens and his wife, Geneva Julius Hudgens, brought this action seek *772 ing damages for injuries received by Mrs. Hudgens as a result of burns suffered when her clothing allegedly caught fire from an open flame gas bathroom heater. The defendants are John H. Gunn, his son, W. W. Gunn, and John Gunn’s liability insurer, Aetna Casualty & Surety Company.
From a judgment of the trial court rejecting their demands, plaintiffs have perfected this devolutive appeal.
The evidence shows that in March of 1969, plaintiffs began renting a small frame residence in Bossier City from John H. Gunn. Prior to the time of the incident giving rise to this litigation, title to the property had been placed in the name of W. W. Gunn for convenience, but the liability insurance was continued in force in the name of John H. Gunn.
In the early morning of December 16, 1969, Mr. Hudgens lit the gas heater in the bathroom prior to leaving for work. Shortly thereafter, Mrs. Hudgens, who was clad in a blouse and short skirt, entered the bathroom and after using the toilet facility proceeded to the lavatory. While standing at the lavatory she realized the back of her skirt was on fire. Being unable to unbutton her clothing, she ran into the front yard where a neighbor tore the clothing from her body. Mrs. Hudgens sustained painful and serious burns on her lower back and buttocks area.
Plaintiffs contend Mrs. Hudgens’ injuries were caused by a defect in the bathroom heater which allowed flames to project beyond the protective guard rail when the control valve handle is turned fully open, which condition was made more, hazardous because of the placement of the heater in the narrow confines of the bathroom.
Defendants denied the heater was defective and alternatively plead the defenses of contributory negligence and assumption of the risk on the part of Mrs. Hudgens.
The trial judge in his reasons for rejecting the demands of plaintiffs found that even though the flames from this heater could slightly extend beyond the protective guard rail, this would not be such a defect as would make the heater unsafe for normal use and was insufficient to sustain an action for damages against the landlord or owner. The court further found the evidence insufficient to show whether the heater was turned on to its maximum capacity on the date of the accident or that the ignition of the clothing was caused by a protruding flame of the heater.
We can find no manifest error in the conclusions reached by the trial judge on his findings of fact and application of law and affirm the judgment appealed from.
The law regarding the responsibility of the landlord (owner) toward his tenants for damages suffered by reason of defective conditions in the premises leased is discussed concisely in the case of Anslem, et vir. v. Travelers Insurance Co., 192 So. 2d 599 (La.App.3rd Cir. 1966), as follows:
“An owner-lessor is held to strict liability, i. e., to liability without fault, for personal injuries sustained by his tenant or others through the-defective condition of the premises; neither the landowner’s ignorance of the defect nor its latency will defeat the injured person’s recovery. LSA-Civil Code Articles 670 and 2322 (owner), 2693 and 2695 (tenant); Morgan v. American Indemnity Co., La.App. 1 Cir., 180 So.2d 429; Turner v. Aetna Casualty and Surety Co., La.App. 2 Cir., 175 So.2d 304, 305; Daire v. Southern Farm Bureau Casualty Ins. Co., La.App. 3 Cir., 143 So.2d 389, certiorari denied. See also Bice v. Pennsylvania Millers Mutual Ins. Co., La.App. 3 Cir., 188 So.2d 502.
“On the other hand, not every defect causing injury is actionable, only those of a nature reasonably expected to cause injury to persons using ordinary care under the circumstances. Morgan v. American Indemnity Co., cited above; St. Julien v. Fireman’s Fund Ins. Co., La. App. 3 Cir., 127 So.2d 245. Likewise, although the injured person’s prior *773 knowledge of the defective condition will not by itself defeat his recovery, his contributory negligence may do so if the injured person was fully aware that the defect was so dangerous that the premises could not be used even with the exercise of due care. Gilliam v. Lumbermen’s Mutual Casualty Co., 240 La. 697, 124 So.2d 913; Turner v. Aetna Casualty and Surety Co., cited above; Hill v. Travelers Insurance Co., La.App. 1 Cir., 128 So.2d 277.” (Emphasis supplied)
Thus, the burden was on the plaintiffs to show that a defect in fact existed and that it was of such a nature reasonably expected to cause injury to persons using ordinary care under the circumstances.
The only evidence depicting the events leading up to the tragic event is the testimony of the plaintiffs, Mr. and Mrs. Hud-gens. Mr. Hudgens testified that when he lit the bathroom heater on the date involved he could not remember to what extent the turn-on valve was opened by him, or whether the flames were extending to or beyond the guard rail.
Mrs. Hudgens testified that after using the toilet situated at the far end of the bathroom, as she was walking between the tub and the heater on her way to the lavatory (situated next to the entranceway), in some manner unknown to her the skirt she was wearing was ignited by the heater. To return from the toilet to the lavatory one must pass between the bathtub and the heater, which is recessed in the wall opposite the tub. The evidence reflects the distance between the tub and the heater as slightly more than two feet.
Plaintiffs offered a moving picture film showing the extent of the flame of the heater involved while operating with the control valve wide open. There is a dispute as to whether these pictures depict the flame extending beyond the guard rail.
Conceding that the evidence does establish that the heater may be turned on to the extent that some slight protrusion of flame could have occurred, we are of the opinion, as was the trial judge, that if the heater was used by a person exercising ordinary care, it would not be expected that it would cause injury. It is noteworthy that in the experiments shown on the film filed in evidence by plaintiffs, a piece of paper must be held within one to one and one-half inches of the top portion of the guard rail with the heater turned fully on before ignition will occur. The skirt worn by Mrs. Hudgens which was filed in an exhibit, appears to be of ordinary cotton material, not considered to be as highly inflammable as paper.
As pointed out by the trial judge, it is common knowledge that any open flame gas heater can be dangerous and will ignite clothing or other material that is allowed to come in close proximity to the flame. It is therefore reasonably to be expected that persons using such a heater will use ordinary care to protect themselves from harm.
The evidence reflects this heater had been installed in the premises some twenty years before and during this time no injury had been caused to persons renting the premises.
It is highly improbable that the skirt of Mrs. Hudgens would have ignited from' her walking past the heater in the normal manner and without being unreasonably exposed to close contact with the upper portion of the heater guard rail.
Plaintiffs cite the case of Joyner v. Aetna Casualty & Surety Co., 240 So.2d 545 (La.App.2nd Cir. 1970), in which this court allowed a tenant to recover from the landlord for injuries received in using a defective diving board. They contend the Joyner case compels a finding of absolute liability under La.C.C.Art. 2695 should it be found a defect in the premises, however slight it may be, has caused an injury.
We do not interpret the holding of the Joyner case as being contrary to our views expressed herein, particularly as the case *774 of Anslem v. Travelers, supra (from which we have quoted herein), was cited with approval by us in Joyner. By citing the Anslem case in Joyner, it must be assumed the court was of the opinion the latent defect in the fulcrum of the diving board would have been such that it could reasonably be expected to cause injury to a person using the board with ordinary care under the circumstances.
We conclude the preponderance of the evidence in the instant case does not show that the injuries of Mrs. Hudgens were caused by the heater involved being defective to such an extent, nor placed in such a position in the bathroom, that it could have reasonably been expected that it would cause injury to a person using ordinary care under the circumstances.
For the foregoing reasons the judgment appealed from is affirmed at appellants’ costs.