REGAN, Judge.
The plaintiffs, Mr. and Mrs. John J. Werling, filed this suit against the defendants, Garrard-Milner Chevrolet, Inc., and the Insurance Company of North America, its public liability insurer, endeavoring to recover the sum of $12,297.50, representing damages for personal injuries and medical expenses incurred by Mrs. Werling, which *429 she asserts was caused by the negligence of the principal defendant in permitting a “ledge” or “curb-type” rise to exist between the driveways of its premises which caused her to fall and injure herself.
The defendants answered and denied the foregoing accusation of negligence, and in the alternative, they pleaded the contributory negligence of the plaintiff in failing to exercise reasonable care in traversing these driveways.
From a judgment in favor of the plaintiffs in the amount of $1,297.50, the defendants have prosecuted this appeal.
The record discloses that the defendant operates a Chevrolet automobile agency on the corner of Carrollton and Tulane Avenues in the City of New Orleans. When the accident occurred, the plaintiff, Mrs. Werling, was visiting the premises as a prospective purchaser; she therefore occupied the legal status of an invitee. She testified that when she arrived at the defendant’s establishment, she parked her car in an area reserved for customers, and then walked on the sidewalk which runs parallel to Carrollton Avenue and entered the showroom through a door located on the uptown side thereof. After she had viewed several vehicles, she left the showroom by the same side door through which she had entered, and was attempting to walk across the entrance and exit driveways which lead to the service department when she fell over a ledge which separates them from each other.
Mrs. Werling explained that upon leaving the showroom, she chose to walk across the driveway area rather than use the sidewalk because it was protected by a roof, and she desired to avoid the sun, since it was a very warm day. In fact, she was on her way to look at other vehicles which were displayed outside the showroom. The accident occurred between 10:30 and 11:00 A.M. on the last day of April.
The driveway area, to reiterate, is composed of two separate roadways. One is used as entrance into the building and the other for departing therefrom. The doorway from which she exited and the place where she fell were both a short distance from the Carrollton Avenue sidewalk from which she entered the premises.
The plaintiff sought to prove that the ledge over which she fell was an abandoned chain wall, which served no useful purpose. The evidence, however, disclosed that upon the remodeling of the building, a wall was demolished and the base thereof was permitted to remain so as to separate the entrance and the exit driveways from each other. The photographs in the record reveal that the ledge was a finished, squared partition between the driveways, which measured approximately 4 to 6 inches in height and 4 inches in width. The plaintiff insists that this “ledge” created a defect in the defendant’s premises which was not known to her nor could it be observed by her in the exercise of reasonable care.
In any event, we have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence together with an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
The photographic evidence is clear proof that the ledge or curb over which the plaintiff fell is in the center of an open, flat, well lighted area, and is not concealed in any manner from a pedestrian’s view. The plaintiff explained that the paved driveway was of the same color and consistency as the ledge, and that the two blended into one so that she was unable to see the rise. However, in several rela *430 tively recent cases, we have reasoned that the mere similarity of color or the blending of textures does not of itself constitute negligence or a defect in the premises.[1] The plaintiff also laboriously testified that while the sun was not directly in her eyes, it shown too brightly on the pavement ahead of her so that it impaired her vision and made it difficult, if not impossible for her to see the rise in this area. This explanation occurred during the course of the trial; it never appeared as an allegation in the plaintiff’s petition. In this connection, it must be remembered that Mrs. Werling was walking and fell in an area which was covered by a roof, and which, while well lighted, was not directly exposed to the sunlight.
We are convinced from the whole tenor of the record that if Mrs. Werling had exercised reasonable care, she could not have failed to observe the ledge over which she tripped.
However, assuming arguendo that Mrs. Werling’s vision was actually impaired by the brightness or glare of the sunlight, which is very doubtful, we are then of the opinion that since her sight was affected thereby, she was obligated to wait until her eyes became accustomed thereto before she proceeded to walk blindly into an unfamiliar area. Under these circumstances, we are compelled to reach the inevitable conclusion that the plaintiff was sufficiently at fault so as to preclude her recovery of damages from the defendants under the individual facts emanating from this case.
In determining what is negligent conduct, we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially, we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury and prescribe the proper rule for each set of facts.[2]
For the foregoing reasons, judgment of the lower court is reversed and judgment is now rendered in favor of the defendants, Garrard-Milner Chevrolet, Inc., and Insurance Company of North America, dismissing the plaintiffs’ suit at their costs.
Reversed and rendered.

. See Tete v. Newark Insurance Company, La.App., 170 So.2d 248 (1964); Magoni v. Wells, La.App., 154 So.2d 524 (1963). See also Connella v. Hartford Accident and Indemnity Company, 119 So.2d 881 (1960).

. Simmons v. Chuck’s, Inc., La.App., 113 So.2d 309 (1959).