REGAN, Judge.
The plaintiff, Lawrence T. Leonard, filed this suit against the defendants, Anthony Sunseri and his insurer, the Allstate Insurance Company, endeavoring to recover the sum of $453.12, representing damage to the plaintiff’s automobile which he asserts was incurred as the result of a collision in the intersection of Basin and Iberville Streets which occurred through the negligent operation of Sunseri’s vehicle by his minor son, Glynn.
The defendants answered and denied that the collision resulted from the fault of Glynn Sunseri, and in the alternative, pleaded the contributory negligence of the plaintiff.
The lower court rendered judgment for the plaintiff in the stipulated sum of $453.-12, and from that judgment, the defendants have prosecuted this appeal.
The record discloses that the plaintiff was operating his automobile in the right lane of Iberville Street[1] in the general direction of the Mississippi River. Simultaneously, the defendant’s son, Glynn Sun-seri, was operating his father’s automobile in the left lane of Basin Street in the general direction of Canal Street. The two traffic lanes to his right were congested with traffic which extended from Canal Street beyond this intersection and into the second block of Basin Street; however, there was a break therein which permitted traffic to move from Iberville and across Basin Street.
The plaintiff explained that he was driving in Iberville Street behind two other automobiles, each stopped at the sign controlling traffic in Iberville Street and then proceeded to cross Basin Street. When the plaintiff had driven across the first two traffic lanes of Basin Street and more than half of his automobile had completed crossing the neutral ground lane, it was struck by the defendant’s car in the area of the left rear door.
The defendant’s son related that he had attended graduation exercises at the municipal auditorium and was on his way to *744 a postgraduation dance at a downtown hotel. He admitted that he was driving in the open neutral ground traffic lane of Basin Street at a speed of between 25 and 30 miles per hour when the collision occurred.[2]
The defendants insist that the cause of the accident was negligence of the plaintiff in failing to yield the right-of-way to the defendant’s vehicle, and that he was also negligent in not stopping and looking again to his left before entering the neutral ground lane of Basin Street.
The evidence is clear to the effect that both vehicles which immediately preceded the plaintiff’s automobile safely passed two lanes of stationary vehicles and then crossed the left lane of Basin Street before the plaintiff entered therein which should have served as sufficient notice to the defendant’s son that other vehicles were following and would probably attempt to cross Basin Street. Moreover, the fact that the plaintiff’s slow moving vehicle was struck after about two-thirds thereof had traversed the defendant’s lane of traffic clearly discloses that the plaintiff had in effect preempted the intersection. More important, however, to reiterate, is the fact that the defendant’s son had ample opportunity to anticipate that other vehicles in addition to the first two would endeavor to cross this lane of traffic; he also possessed the opportunity to observe the plaintiff’s vehicle in the act of crossing, and finally he possessed the opportunity to bring his vehicle to a stop before contact with the plaintiff’s automobile if he had been maintaining a proper lookout and especially if he had been driving at a speed commensurate with the congested traffic conditions which existed when the accident occurred.
In determining what is negligent conduct we have remarked on several occasions that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially we are tending more and more toward an appreciation of the truth that, in the last analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury or property damage and prescribe the proper rule for each.
We are convinced that the trial court was well within its discretion in finding that the fault of the defendant was the proximate cause of the accident, and we are unable to perceive of any factual or legal error in this conclusion.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.

. At this point Iberville is a two-way street.

. The speed limit on Basis Street is 35 miles per hour.