GLADNEY, Judge.
This appeal by Calvert Fire Insurance Company presents for review a judgment rejecting its demands against Ray Barlow and Julian King for $861.96, alleged damages sustained by the automobile owned by Lee Jackson and driven by his son, Hollis Jackson.
The case arises from a rear-end collision between two automobiles which occurred near midnight on May 2, 1964 several miles west of Wisner on Louisiana Highway 562, a hard-surfaced thoroughfare. At the time of the collision Hollis Jackson had brought his automobile to a near stop in the right lane of the highway with the intention of making a left turn and proceeding to his residence; following was a car being driven by Julian King who was accompanied by Ray Barlow, owner of the vehicle. The three occupants of the two automobiles were the only eyewitnesses to the accident and we find their testimony conflicting.
A short time prior to the collision Lee Jackson passed the Barlow vehicle which was traveling at a speed of from 55 to 60 miles per hour. Jackson testified that the point of passing was approximately one-half of a mile from the locus of the collision, whereas Barlow and King testified this distance was less than 400 feet. Jackson further testified that after passing he began to slow down for the purpose of making his left turn and had turned on his signal indicator when the collision occurred. Both King and Barlow testified Jackson passed them at a high rate of speed and then brought his vehicle to a sudden stop in such a manner that King was unable to take evasive action. King and Barlow denied having observed the rear lights of the preceding vehicle. In this respect, however, State Trooper Colvin testified that he had examined the Jackson automobile about an hour and a half prior to collision and found its rear lights in order.
It is argued by plaintiff that King was negligent in failing to maintain a proper look-out and keep his car under control. The defendants specially plead the contributory negligence of Hollis Jackson in operating his car at a speed in excess of the lawful speed limit and by abruptly bringing it to a stop on the highway.
In actions ex delicto the alleged negligence of either litigant is a matter to be determined in the light of circumstances of each particular case. In cases involving a rear-end collision, prior to the turning or stopping, the preceding motorist must not only give an appropriate signal of such intention but he must also determine that his maneuver may be made with reasonable safety without endangering oncoming or overtaking traffic. The duties imposed upon the operator of the following vehicle is to keep his automobile under control, to observe the leading vehicle and to follow at a safe distance. LSA-R.S. 32:81. Generally, the following motorist is presumed to be negligent where a rear-end collision occurs except where the driver of the leading vehicle negligently and without warning stops or suddenly slows thereby creating a hazard for the following vehicle. Porter v. Barron, La.App., 185 So.2d 304 (1st Cir. 1966).
In the absence of an assignment of written reasons for his conclusions, we assume the trial judge found that Hollis Jackson created an emergency and undue hazard by bringing his car to a sudden stop in front of the following automobile and therefore was guilty of negligence barring plaintiff’s recovery.
After a careful examination of the record and in view of the conflicting testimony we fail to find reversible error, recognizing that the trial judge had an advantage in evaluating the credibility of the witnesses. Huntsberry v. Millers Mutual Fire Insurance Company, La.App., 205 So.2d 617 (3rd Cir. 1967).
The judgment is therefore affirmed at appellant’s cost.