DOMENGEAUX, Judge.
On the evening of February 24, 1968, Dan T. Manget, Jr., the plaintiff herein, was attending the Mardi Gras ball given by the Krewe of Mystic of which he was a member, at the Municipal Auditorium in New Orleans. Jacob Jean Seidenberg, a defendant herein along with his liability insurer, The Insurance Company of North America, had been employed to decorate the ballroom.
As a part of the decoration Seidenberg’s employees erected a balustrade, which was 10 to 12 feet long and 3i/-> to 4 feet high.
The top rail was made of wood and the vertical turnings (columns) were made of styrofoam. On each end was a wood and canvass frame or box to which the balustrade was nailed for support. Along the bottom was a 6 inch by 6 inch rail which may or may not have been nailed to the floor. The testimony on this point is at variance.
Manget was standing near the balustrade amidst a crowd of some 20 to 30 people awaiting an opportunity to speak to the king and queen. He, as were all the others, was engaged in the general festivities. At approximately 10:30 p. m., or one and one half hours after the ball officially began, and two and one half hours after Manget arrived at the auditorium, and while he was standing in the aforementioned crowd, an unidentified individual came dancing by and bumped into him, knocking him off balance. Manget staggered backwards attempting to regain his balance, but encountered the balustrade before he could do so. The balustrade toppled over under the impact of Manget’s weight and he fell on top of it, injuring his coccyx bone. As a result of his injury Manget was confined to bed for several days, saw his doctor once, and complained of occasional pain at the time of trial, a year or so later. Manget prayed for damages in the amount of $50 medical fees and $900 for pain and suffering. The trial court rendered judgment in his favor for the aforesaid amounts. The defendants prosecuted this appeal asking that the trial court’s judgment be reversed, dismissing the plaintiff’s suit at his cost. The plaintiff in brief and oral argument asked for affirmance of the lower court’s judgment.
It is basic to the law of torts “ * * * that, in the absence of some duty which has been neglected or violated, there can be no actionable negligence; and hence, in order that a person may have a cause of action on account of an injury to person or property resulting from negligence, it is necessary that the act or omission complained of should have involved some breach of duty owed to him, or to the person whom he represents, by the person *301 of whose negligence he complains.” Payton v. St. John, La.App., 188 So.2d 647 and authorities cited therein. Although counsel for both parties made much of the question of proximate cause, there is but slight mention, and only in plaintiff’s brief, of the question of the duty owed plaintiff by defendant. The law is clear that both a breach of a duty owed by defendant to plaintiff, and proximate causation are necessary to establish liability under Article 2315 of our Civil Code. Day v. National U. S. Radiator Corporation, 241 La. 288, 128 So.2d 660. We therefore must first determine whether there was in this case a breach of a duty owed plaintiff by defendant, and hence negligent conduct. What constitutes negligence must be determined in each case in light of the facts and circumstances peculiar to that case. Calvert Fire Insurance Company v. Barlow, La.App., 215 So.2d 392; Leonard v. Sunseri, La.App., 211 So.2d 742; Werling v. Garrard-Milner Chevrolet, Inc., La.App., 208 So.2d 428; Travelers Insurance Co. v. Ragan, La.App., 202 So.2d 302. We therefore address ourselves to the facts and circumstances of this case.
The aforementioned balustrade was placed on the level floor. There is no indication that it was located on any sort of platform thus possibly giving the impression of being a protective railing. No one could doubt, and indeed no one argues, that it was meant to be anything but decorative. Since the balustrade was designed to serve no purpose other than that of decoration, and all parties understood this to be the case, we cannot say that Seidenberg was negligent in not building it with sufficient strength to support the weight of plaintiff’s body. A person employed to decorate a place of amusement cannot be held to owe those persons using the facilities the duty of making each decorative item that he erects so strong and sturdy as to be capable of supporting the weight of a grown man. To do so would certainly place an unreasonable burden on those engaged in the art of decoration, and would ignore the common sense of those enjoying the decoration.
Counsel for plaintiff cites the case of Levert v. Travelers Indemnity Company, La.App., 140 So.2d 811, in support of his contention. That case involved an elevated platform on which were placed the thrones for the king and queen of another Mardi Gras ball. A satin curtain was hung behind the platform which concealed a five foot drop to the concrete floor below the platform. The back of the throne was but unsupported cloth. Plaintiff sat on the throne, fell back against the satin curtain, and through it to the floor five feet below. In that case plaintiff recovered. However, the instant case is clearly distinguishable. Here there was no platform, but only level floor. The balustrade in this case concealed no hidden danger, as did the satin curtain in the Levert case. The decoration involved in the Lev-ert case constituted a trap as that term is used in the law of tort,- but that certainly is not the situation in the instant case. Here the nature of the balustrade was evident and could be easily detected by anyone with eyes to see. We therefore find that there was no negligence on the part of Seidenberg. Not finding any negligence or breach of an owed duty, we need not concern ourselves with whether the construction of the balustrade was the proximate cause of the accident.
For the reasons assigned, the judgment appealed from is annulled and reversed and it is now ordered that there be judgment in favor of defendants, Jacob Jean Seiden-berg and Insurance Company of North America, and against the plaintiff, Dan T. Manget, Jr., dismissing said plaintiff’s demand; all costs in both courts to be paid by the plaintiff.
Reversed.