YARRUT, Judge.
Plaintiff, Mrs. Eva Richter, filed suit to recover damages she allegedly sustained when she fell in one of the service alleys of the Parkchester Apartments. At the time of her injury she and her husband leased an apartment in this multi-unit housing complex. Originally her husband was a party-Plaintiff seeking those items of damage recoverable by the community; however, before trial, he died and his wife was substituted as party-Plaintiff in her capacity as provisional administratrix of his estate.
Defendants are Sheldon Manor, Inc., the original lessor with whom the Richters contracted for rental space; Harry, Burton and Richard Koffman, owners of the Parkchester when the injury was sustained ; and the liability insurer of both the Sheldon Manor, Inc. and the Koffmans, the United States Fidelity & Guaranty Company. Defendants all denied negligence, asserting the proximate cause of the accident was Plaintiff’s failure to keep a proper lookout. In the alternative, they pleaded she was at least guilty of contributory negligence, sufficient to bar her recovery. From a judgment dismissing Plaintiff’s suit, she has appealed.
The facts are: Plaintiff, the only witness to the accident, recounted that on June 25, 1966, she left her apartment about 11:00 o’clock a. m. to get into her daugh *877 ter’s waiting station wagon, parked in the service alley behind her apartment. Her daughter had parked the left side of her station wagon about one foot from a hedge that bordered the alley and separated it from the apartment grounds. Plaintiff walked to the front door on the passenger side of the station wagon and handed her daughter a basket of laundry through the door. In order to get into the station wagon, it was necessary for her to open the door wider, and in doing this she stepped backward, caught the spike heel of her shoe in a hole in the roadway, lost her balance and fell to the ground. She was painfully injured. Although neither Plaintiff nor her daughter inspected the area right after the fall, it is apparent from the evidence Plaintiff’s heel caught in a hole in the street at the juncture of four concrete slabs forming part of the service alley.
Plaintiff testified that she was not familiar with this section of the Parkchester Apartment complex because she and her husband always had used the front entrance, rather than the back one which faced the service alley. She said the first time she ever used the service alley was on the day of the accident. Her daughter contradicted this assertion by testifying that she customarily picked up her mother in the service alley area and had done so many times before the date her mother fell.
The Trial Court pretermitted the question of the landlord’s liability and concluded that Mrs. Richter was negligent in failing to observe this dangerous condition in the roadway. The Court found the hole was large enough to be readily observed by a reasonable person exercising ordinary care. We agree that Mrs. Richter’s failure to see the condition of the paving in the service alley was negligent, particularly since she was well acquainted with the area, according to her daughter. We discount her denial that she had ever used the service alley before the accident in view of her daughter’s contradictory testimony.
Furthermore, we cannot conclude that a hole in the center of a paved service roadway is a defect in the leased premises for which the landlord is liable should it prove to be an instrumentality of injury. The landlord is only liable for any vice or defect that might be anticipated would cause injury to a tenant through normal use of the premises. (See Montgomery v. Cantelli, La.App., 174 So.2d 238.) We do not think it is reasonable to expect a landlord to anticipate his tenant would catch a spike heel in a cracked roadway near one of the expansion joints in the road.
In reaching this result we are applying well-established principles of our law stated in Sabin v. C & L Development Corporation, La.App., 141 So.2d 482, at p. 486, as follows:
“ * * * Equally applicable, however, is the rule that a landlord is answerable in damages only for injuries caused by defects or vices which may be expected to cause injury while the premises are being subjected to normal use. Chaix v. Viau, La.App., 15 So.2d 662. Similarly, where the injury complained of results from a tenant’s failure to act prudently or exercise ordinary care, he cannot recover therefor. Briscoe et ux. v. Bailey et al., La.App., 74 So.2d 770; Denneker v. Pecoraro, La.App., 64 So.2d 510.”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.