ELLIS, Judge:
This is a suit for damages for personal injuries suffered by plaintiff Jimmy L. Kepper when he fell through the ceiling of a building leased by him from Richard C. Bennett. Made defendant with Mr. Bennett is Continental Insurance Company, his insurer. After trial on the merits, judgment was rendered in favor of plaintiff for $7,883.00, and defendants have appealed. Plaintiff has answered the appeal, asking for an increase in quantum.
Plaintiffs leased a large metal building from Mr. Bennett. Across the front of the building was an office and showroom area. The offices occupied an L shaped area, enclosing the showroom, which formed the right front part of the building. Above the offices there is a storage area, which is decked with plywood. The ceiling of the showroom is acoustical ceiling tile, which rests in metal supports hung from the roof of the building by heavy wire. There was no railing or partition of any kind separating the decking over the offices from the ceiling of the showroom.
The accident happened on the first day of occupancy of the building by plaintiff, who was engaged in moving in. It was raining heavily and plaintiff, noticing a leak in the ceiling, decided to go up to the storage area to try to locate it. He testified that he had not been up there before. The only source of light in the storage area were two skylights which were located over the rear section of the building behind the offices. Access to the storage area was furnished by a stair at the rear of the offices.
*1034 Plaintiff testified that when he reached the storage area, he began to walk toward the front of the building, looking for the leak. He walked off the edge of the decking, stepped onto the tile ceiling of the showroom and fell through to the floor below.
He testified that the surface of the ceiling tile was at the same level as the surface of the decking, and that he could not see the wires supporting the tiles because they were dark in color. The light in the area was very dim because of the distance from the skylights.
In finding the defendants liable for Mr. Kepper’s injuries, the district judge said:
“Article 2695 of the Civil Code established the responsibility of the lessor for damages for vices and defects found in the premises which he leases. It declares:
“ ‘The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.’
“In order to enforce strict liability against the owner-lessor for injuries caused by defective premises, the injured lessee must prove that the accident was proximately caused by a vice or defect in the premises. Jameson v. Employers Ins. of Wausau [La.App.], 286 So.2d 785. Generally, the landlord is only liable for any vice or defect that might be anticipated would cause injury to the tenant through normal use of the premises. Richter v. Koffman [La.App.], 223 So.2d 876. However, the issue of contributory negligence is not considered unless it is shown that the lessee knew of the vice or defect and even then it must appear that the premises could not reasonably be used in safety. Carlysle v. Aetna Insurance Company [La.App.], 248 So.2d 64.
“Judged by these standards, the Court is of the conviction that the situation presented constituted a hazardous and potentially dangerous condition. The landlord had failed to provide either adequate lighting or any barrier signaling to the unwary that there was a surface within the confines of the storage area which was not weight bearing. As such, it was more than likely that a similar accident would have ultimately occurred to a person occupied with manual activity whose attention was not directed toward the floor. Accordingly, the Court finds that the defendants are liable.”
We think the trial judge correctly disposed of the issues presented.
Plaintiff asks that the award of damages made be increased to provide for loss of income. There is no evidence in the record to support such an award.
Plaintiff also claims the sum of $80,-000.00, which was allegedly embezzled by his partner while plaintiff was injured. It is contended that plaintiff would have been able to prevent the embezzlement had he not been incapacitated by the accident. We think the claim to be entirely too speculative to constitute a basis for an award, and the evidence offered in support thereof was found by the trial judge to be insufficient to sustain the burden of proof. It was properly denied.
It is conceded by both parties that the trial judge failed to include in the special damages $552.72 of plaintiff’s hospital bill. The judgment will be increased by that amount.
The judgment is therefore amended to increase the amount thereof to $8,435.72 and, as amended, it is affirmed, at defendant’s cost.
AMENDED AND AFFIRMED.