399 So.2d 1193 (1981)
Jeanette SMITH, Plaintiff-Appellee,
v.
HARTFORD ACCIDENT & INDEMNITY CO., et al., Defendants-Appellants.
No. 7955.
Court of Appeal of Louisiana, Third Circuit.
May 18, 1981.
Rehearing Denied July 8, 1981.
*1195 Traylor & Kramer, Michael E. Kramer, Winnsboro, for defendant-appellant-appellee.
Bean & Rush, Ernest L. Parker, Mouton & Jeansonne, David S. Cook, Lafayette, for defendants-appellees-appellants.
Pucheu & Pucheu, Jacque B. Pucheu, Jr., Eunice, for plaintiff-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, Jeanette Smith, brought this suit to recover damages for personal injuries that she sustained on December 9, 1977 when she fell through the floor of a mobile home that she was renting from Tommy Myers. Defendants are Myers' insurer, Hartford Accident & Indemnity Company (Hartford), and the manufacturer of the mobile home, Franklin Homes, Inc. (Franklin).
Plaintiff's petition was filed on October 6, 1978. On January 12, 1979, Hartford answered and filed a third party demand against Franklin, seeking indemnification for any judgment rendered against it. On February 2, 1979, Franklin answered and filed third party demands for indemnification against Myers, Hartford and Albert LeBlanc Mobile Homes, Inc. (LeBlanc), the retailer that sold the mobile home to Myers.[1]
Hartford and LeBlanc filed exceptions of prescription in response to Franklin's third party demands. In addition, LeBlanc filed an exception of improper venue. Hartford's exception was sustained; both of LeBlanc's were overruled.
Following a trial, the district court found that Myers, LeBlanc and Franklin were joint tortfeasors with regard to the injuries suffered by plaintiff. Judgment was rendered (1) in favor of plaintiff and against Hartford and Franklin, in solido, in the sum of $41,495.51,[2] (2) in favor of Hartford on its third party demand against Franklin in the sum of $13,831.84, and (3) in favor of Franklin on its third party demand against LeBlanc in the sum of $13,831.84. From that judgment, Hartford, Franklin and LeBlanc have appealed.

FACTS
In 1976, plaintiff rented a mobile home in Eunice, Louisiana from Tommy Myers. In October, 1977, approximately one year after she had moved into it, plaintiff noticed a crack in the linoleum covering the hall floor. The linoleum immediately adjacent to the crack was discolored, and the floor appeared to be weakened. Plaintiff notified Myers of the problem, and after he had inspected the floor, her daughter placed a suitcase over the discolored area to prevent anyone from walking on it.
Myers contacted LeBlanc and Franklin. LeBlanc informed him that because the mobile home was three years old, it was no longer under warranty, and it disclaimed *1196 responsibility for the damage. Franklin sent out a factory representative, who found that the particle board floor had rotted due to water leakage into the walls. He caulked and sealed the roof and windows to prevent further water leakage. However, Franklin refused to repair the floor, claiming that it had found no manufacturing defects.
Myers took no further action, and on December 9, 1977, plaintiff fell through the floor, injuring her right leg, hip and back. The floor gave way approximately one foot away from the suitcase, which had been placed over the discolored area.

PRESCRIPTION
LeBlanc argues that the trial judge erred in overruling its exception of prescription based on LSA-C.C.P. Art. 1067, which provides:
"An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand."
LeBlanc contends that under this provision, Franklin's third party demand was prescribed, because it was not filed within ninety days of the date of service of the main demand.
LeBlanc's argument overlooks the fact that LSA-C.C.P. Art. 1067 is an exemption rather than a prescriptive statute and applies to incidental demands which otherwise prescribe after filing of the main demand, allowing a 90-day extension for filing reckoning from service of the main or third party demand. Kelly v. Louisiana Stadium & Exposition District, 380 So.2d 669 (La.App. 4th Cir. 1980); Blue Streak Enterprises, Inc. v. Gulf Coast Marine, Inc., 370 So.2d 633 (La.App. 4th Cir. 1979). In this case, Franklin's third party demand had not prescribed at the time of filing because prescription does not begin to run on a claim for indemnification and/or contribution until the party seeking it is, itself, cast in judgment. Blue Streak Enterprises v. Gulf Coast Marine, Inc., supra. Accordingly, we find that the trial judge was correct in overruling LeBlanc's exception of prescription.
For the same reasons, we find that the trial judge erred in sustaining Hartford's exception of prescription, which it filed in behalf of itself and its insured, Myers. Hartford's exception was also founded on LSA-C.C.P. Art. 1067, which as explained above cannot bar a claim for indemnification on which prescription has not begun to run. The judgment sustaining Hartford's exception is therefore reversed and set aside.

LIABILITY OF FRANKLIN
Franklin's witnesses testified at the trial that nearly all mobile homes, including the one that plaintiff rented from Myers, must be periodically "sealed" to prevent wall and roof leakage. If this is not done, water enters the walls and eventually finds its way to the floor, where it causes rapid deterioration. These witnesses also testified that despite the obvious danger that this presents, Franklin did nothing to inform consumers of the need to have their mobile homes periodically sealed.
Under these circumstances, we find that the trial court correctly imposed liability on Franklin as the manufacturer of a product that was "unreasonably dangerous to normal use." Weber v. Fidelity & Casualty Ins. Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971). We cannot agree with Franklin's contention that the mobile home was not defective, because routine maintenance would have prevented the damage to the floor. Franklin was aware of the fact that the dangerous condition causing plaintiff's injuries could arise through normal use of the mobile home. It therefore had a duty to warn buyers of the danger, and its failure to fulfill that duty constituted "fault" within the meaning of LSA-C.C. Art. 2315. Chappuis v. Sears Roebuck & Company, 358 So.2d 926 (La.1978).
*1197 In view of the above, we reject Franklin's argument that the trial court erred in holding it liable for plaintiff's injuries.

LIABILITY OF LeBLANC
The trial judge's conclusion that LeBlanc was also liable for plaintiff's injuries was based on a finding that it either knew or should have known of the need for periodically sealing the mobile home. On appeal, LeBlanc argues that that finding was erroneous. We agree.
The record before us does not contain any direct evidence of such knowledge on the part of LeBlanc. Franklin's witnesses unequivocably denied having informed LeBlanc of the need for sealing the mobile home, and there is no evidence showing that it acquired this information in any other manner. It is well established that a manufacturer is presumed to know the vices or defects of the things that it makes. Weber v. Fidelity & Casualty Ins. Co. of N. Y., supra; Reeves v. Great Atlantic & Pacific Tea Co., Inc., 370 So.2d 202 (La.App. 3rd Cir. 1979). However, there is no rule of law in Louisiana which imputes the knowledge of latent vices or defects to the seller of new products, where the seller is not the manufacturer of the product. Peltier v. Seabird Industries, Inc., 304 So.2d 695 (La. App. 3rd Cir. 1974).
Since it has not been shown that LeBlanc was aware of the defect when it sold the mobile home, we conclude that the trial court erred in holding it liable. Without that knowledge, it did not have a duty to repair the damaged floor, and its awareness of the damage prior to plaintiff's accident was immaterial.

LIABILITY OF MYERS
It is well established that an owner-lessor is held to strict liability for personal injuries sustained by his tenant as a result of a defect in the leased premises. This liability attaches whether or not specific fault on his part can be shown. Thus, neither his ignorance of the defect nor its latency will defeat the injured tenant's recovery. LSA-C.C. Arts. 670, 2322, 2693, and 2695; Anslem v. Travelers Insurance Company, 192 So.2d 599 (La.App. 3rd Cir. 1966); Wexler v. Occhipinti, 378 So.2d 1073 (La.App. 4th Cir. 1979); Kepper v. Continental Insurance Company, 340 So.2d 1033 (La.App. 1st Cir. 1976); Anderson v. Sciambra, 310 So.2d 128 (La.App. 4th Cir. 1975).
Myers argues that he nevertheless is not liable to plaintiff because her injuries were the result of Franklin's fault in manufacturing the defective mobile home. We find no merit in that argument. It is true that in certain instances an owner may be exculpated from liability under the above provisions, if the victim is injured not by reason of the defect, but instead because of the fault of some third person. Loescher v. Parr, 324 So.2d 441 (La.1975). However, this is not such a case.
In order for the fault of a third person to exonerate an owner-lessor from his own obligation importing strict liability as imposed by LSA-C.C. Arts. 670, 2322, 2693 and 2695, the fault must be the sole cause of the damage. It must be of the nature of an irresistable and unforeseeable occurrence, and the resulting damage can have no causal relationship whatsoever to the fault of the owner-lessor in failing to keep his building in repair. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978). In the case at hand, there is clearly a direct causal relationship between Myers' failure to keep his mobile home in repair and the injuries that plaintiff suffered. Therefore, Franklin's fault, which has rendered it concurrently liable, cannot absolve Myers of his own liability. See also Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).

DEFENSE OF VICTIM FAULT
Franklin, Myers and Hartford argue alternatively that even if they would otherwise be liable to plaintiff, she may not recover because she is guilty of "victim fault" or assumption of the risk. See Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971); and Loescher v. Parr, supra. In connection with this argument, Hartford has raised the interesting *1198 question of the relationship between the concept of victim fault, which is applicable to strict liability cases, and the concepts of contributory negligence and assumption of the risk, as they have been applied to actions based on the theory of negligence. We find it unnecessary to address this question, however, since we have been unable to find fault of any kind on the part of plaintiff.
The evidence shows that plaintiff was never fully apprised of the extent of the deterioration of the floor. Although Franklin's factory representative reported to his employers, he did not advise plaintiff of the severity of the problem or warn her not to walk anywhere near the discolored area. Under these circumstances, we cannot agree with the argument that plaintiff's failure to take the drastic measure of moving out of the mobile home was fault, which should bar her recovery. We find that she reasonably believed that the precaution that had been taken, i. e., placing the suitcase over the discolored area, was sufficient to protect her from harm. Accordingly, we find no error in the trial judge's rejection of the defenses of victim fault or assumption of the risk.

QUANTUM
Myers and Hartford argue that the trial court's award of $35,000.00 for general damages is excessive. They seek a reduction to between $10,000.00 and $15,000.00.
The only medical evidence pertaining to plaintiff's injuries was the testimony of her treating physician, Dr. Rodney E. Landreneau. Dr. Landreneau examined plaintiff shortly after her fall and continued to see her regularly until the time of trial. When he first examined plaintiff, he found multiple contusions and abrasions of her right calf, knee and thigh. These contusions and abrasions healed within a relatively brief period of time. However, plaintiff developed other problems, which in the opinion of Dr. Landreneau were caused by the fall.
He diagnosed these other problems as sciatica, irritation of the sciatic nerve, and aggravation of a preexisting arthritic condition affecting plaintiff's lower back. As a result of these conditions, plaintiff has suffered severe to moderately severe pain since the time of the accident. By the time of the trial, the sciatica appeared to have been effectively cured. However, she continues to have arthritic pain, which cannot be completely eliminated by medication. Although this pain is not disabling, it limits plaintiff's physical activities, because it is increased upon physical exertion. Dr. Landreneau expects this condition to continue for the rest of plaintiff's life.
It is well established that an appellate court may disturb a trial court's award of general damages only when the record clearly reveals that the trial court has abused its great discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979). In view of the fact that this 58 year old plaintiff has suffered considerable pain and will continue to do so for the rest of her life, we do not find that the trial judge's award of $35,000.00 for general damages was an abuse of his discretion. The cases cited by Hartford and Myers have failed to convince us that the award is excessive under the particular facts and circumstances of this case. Accordingly, the request for a reduction is denied.

CONCLUSIONS
For the foregoing reasons, we conclude that Franklin, Myers, and the latter's insurer Hartford, to the limits of its policy, are solidarily liable for the injuries suffered by plaintiff. Since they are solidary obligors neither Franklin nor Hartford are entitled to indemnification as requested in their third party demands and therefore, such demands will be dismissed. Dupree v. Pechinay Saint Gobain Co., 369 So.2d 1075 (La.App. 1st Cir. 1979), writ denied, 371 So.2d 1341. Accordingly, for the reasons assigned the judgment of the trial court is affirmed in part, reversed in part and recast to read as follows:
*1199 "IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Jeanette Smith and against Franklin Homes, Inc. and Hartford Accident & Indemnity Company, jointly and in solido in the principal sum of $41,495.51, together with legal interest thereon from date of judicial demand until paid, the liability of Hartford Accident & Indemnity Company however, being limited to the policy limits of the policy of insurance issued to Tommy Myers.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing the demands of third party plaintiff, Franklin Homes, Inc. against Tommy Myers, Hartford Accident & Indemnity Company and Albert LeBlanc Mobile Homes.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing the demands of third party plaintiff, Hartford Accident & Indemnity Company against Franklin Homes, Inc.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the expert witness fee of Dr. Landreneau be fixed at ONE HUNDRED FIFTY AND NO/100 ($150.00) DOLLARS and charged as costs; that the Court Reporter's fee for transcribing the deposition of Dr. Landreneau in the amount of FORTY AND NO/100 ($40.00) DOLLARS be charged as costs; and that the expert witness fee of Mr. Harry Summerlin be fixed at FIFTY AND NO/100 ($50.00) DOLLARS and charged as costs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the court costs in this matter be paid by Hartford Accident & Indemnity Company and Franklin Homes, Inc."
All costs of this appeal are assessed against Hartford Accident & Indemnity Company and Franklin Homes, Inc.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] In neither of the third party demands do third party plaintiffs seek contribution.
[2] Hartford's policy provides coverage to Myers limited however, to the sum of $25,000.