423 So.2d 750 (1982)
Hattie BARNES
v.
HOUSING AUTHORITY OF NEW ORLEANS and St. Paul Fire & Marine Insurance Co.
No. 13332.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
Bach & Wasserman, Gerald Wasserman, New Orleans, for plaintiff-appellee.
*751 Bruce S. Johnston, Metairie, Louis A. Gerdes, Jr., New Orleans, for defendants-appellants.
Before REDMANN, BARRY and BYRNES, JJ.
BYRNES, Judge.
In this appeal, the appellants, St. Paul Fire and Marine Ins. Co., and the Housing Authority of New Orleans (HANO), seek reversal of a judgment awarding appellee, Hattie Barnes, $5,000.00 for personal property destroyed in a fire which occurred on March 3, 1980 at her apartment on LeBoeuf St. in New Orleans. We affirm.
The facts of the case are as follows: The building in which the fire occurred is owned by Vales Development Corp. and insured by St. Paul Fire and Marine Ins. Co. Vales leased the building to HANO, who in turn leased apartment A. to Hattie Barnes. On March 4, 1980 a fire, originating in one of the bedrooms in the apartment, destroyed most of appellee's personal property. She sued HANO, Vales, and St. Paul, alleging that defects in the wiring in the apartment or the negligent maintenance of that wiring caused the fire. Trial was held in June of 1981 and judgment was rendered in favor of Barnes in the amount of $5,000.00 plus interest and court costs.
On appeal, Vales, St. Paul and HANO all assert that the evidence presented at trial was insufficient to show negligence on their part. In this case however, the liability of all parties was based on the defective condition of the apartment and not on the negligence of any of the parties. This was made clear by the trial court in his reasons for judgment.[1] Vales Development was held liable under C.C. 2322, which holds the owner of a building strictly liable for damages caused by either the ruin of the building or the owners neglect to repair it. Neither ignorance of the defect nor its latency is a defense. Moreover, there is no need to show negligence to recover under this article. Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1979); Smith v. Hartford Indemnity Co., 399 So.2d 1193 (La.App. 3rd Cir.1981); Krennerich v. W.C.G. Investment Corp., 278 So.2d 842 (La.App. 3rd Cir.1973). The liability of HANO was based on C.C. 2695 which holds a lessor strictly liable to a lessee for damages caused by a defect in the leased premises. Once again neither ignorance or latency of the defect is a defense and there is no need to show negligence to recover. Article 2695 and 2322 both base liability on status, either as owner or lessor, rather than on personal fault. Thus the alleged failure of appellee to present evidence of negligence by Vales or HANO has no effect on her right to recover damages in this case. Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La.1981) see also Olsen, supra and Smith, supra.
The burden of proof which the plaintiff must meet in an action arising under either Art. 2322 or Art. 2695 is to show by a preponderance of the evidence that a defect in the building caused the injury complained of. In Boudreaux v. American Insurance Co., 264 So.2d 621 (La.1972), the Supreme Court held that evidence whether direct or circumstantial, "need not negate all other possible causes of injury ... It suffices if the circumstantial proof excludes other reasonable hypotheses only with a fair amount of certainty, so that it be more probable than not that the harm was caused by the tortious conduct of the defendant." See also Latham v. Aetna Casualty & Surety Co., 377 So.2d 350 (La.1979).
In the present case Mrs. Barnes and several members of her family all testified that a ceiling light fixture in the bedroom where the fire originated was hanging by loose wires which sparked and smoked when the light was turned on. There was also testimony that the fixture occasionally sparked even when turned off. This condition had been reported to HANO several *752 weeks prior to the fire but no steps had been taken to correct the problem. Moreover there was testimony that the wall switch in the bedroom sparked on occasion.
The trial court clearly felt that the evidence presented by the appellee was sufficient to establish her right to recover. He made a factual determination that the fire was caused by a defect in the premises. That determination should not be overturned on appeal absent a showing of manifest error. Canter v. Koehring, 283 So.2d 716 (La.1973), Arceneaux v. Dominique, 365 So.2d 1330 (La.1978).
Having reviewed the record in this case we conclude that the trial court was correct in his resolution of the issues before him. While no expert testimony was offered by the appellee, the evidence which she did present was sufficient to establish that it was more probable than not that the wiring in the apartment was the cause of the fire. See Boudreaux, supra. Accordingly the judgment of the trial court is affirmed. All cost of this appeal are to be borne by the appellant.
AFFIRMED.
REDMANN, C.J., dissents.
REDMANN, Chief Judge, dissenting.
Plaintiff presented no expert evidence as to the cause of the fire. She presented only testimony that the wires to a ceiling light sparked (even when its wall switch was turned off  inherently incredible to one who understands that when a light is switched off no electricity goes to it), and testimony by her daughter that when the room was ablaze she saw the ceiling light fall aflame.
The testimony of the construction superintendent who repaired the house was that the floor was burned and had to be all replaced, and that none of the ceiling joists was even scorched (although it is true that they had been covered with sheet rock). The testimony of the electrician was that there was melted wire 18 inches above floor level, but no melted wire in the ceiling. That evidence is inconsistent with plaintiff's argument that the fire started in the ceiling because of defective wiring in the ceiling light fixture.
Plaintiff simply did not prove her case. The judgment should be reversed.
NOTES
[1] Those reasons read in pertinent part "the evidence shows that the condition of the premises was defective and that this defective condition had been reported to HANO. The condition was never repaired and this condition was the cause of the fire that destroyed the possessions of Barnes".