KING, Judge.
The sole issue presented by this appeal is the correctness of the trial court’s granting of a motion for a directed verdict and dismissal of plaintiff’s suit.
This appeal is from a judgment dismissing the plaintiff’s suit in a jury case on a motion for a directed verdict filed at the close of plaintiff’s case in chief. Leonor Martinez Roy (hereinafter referred to as plaintiff) filed suit to recover damages to her residence and for her inconvenience allegedly resulting from a fire that originated in a building on adjoining property which was owned and occupied by John R. Domingue and Betty Begnaud (hereinafter referred to as defendants). At trial the trial judge directed a verdict for all defendants at the conclusion of the plaintiff’s case and ordered plaintiff’s suit dismissed at her cost.[1] A written judgment was signed and plaintiff appeals. We affirm.
FACTS
The plaintiff’s case consisted of her testimony and that of a roomer to the effect that the defendants’ house caught fire and the flames spread to and damaged plaintiff’s home. There was a stipulation as to the amount of the property damage. No evidence was presented as to the cause of the fire, where it started in the defendants’ house, of any defect in the defendants’ house, or of any action or inaction by the *881 defendants which might have caused the fire. No evidence was even presented of defendant’s ownership of the property from which the fire allegedly originated. The defendants presented no evidence and moved for a directed verdict at the conclusion of the plaintiff’s case in chief.
DIRECTED VERDICT
In a somewhat similar case, Toussant v. Guice, 414 So.2d 850 (La.App. 4th Cir.1982), at page 852, the court said:
“Plaintiff has cited no case, nor can any be found, where a property owner has been strictly liable under Art. 2317 for the spread of fire from his premises to adjacent property, absent proof of a defective thing within the property owner’s custody which caused the fire.
⅝ ⅝ ⅜ # $ ⅜ '
In those cases where strict liability is applied to property owners for damage to adjacent property, the plaintiff is required to prove more than the mere fact that the fire originated on defendant’s premises. He must prove, under Art. 667 of our Civil Code, that the fire was caused by the defendant’s use of the premises to conduct an ultrahazardous activity.” Toussant v. Guice, 414 So.2d 850, at page 852 (La.App. 4th Cir.1982). (Citations omitted.)
See also Freeman v. Thomas, 472 So.2d 326 (La.App. 3rd Cir.1985).
In a jury trial a party may move for a directed verdict at the close of the evidence offered by an opponent. La.C.C.P. Art. 1810. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable men could not arrive at a contrary verdict, the granting of a motion for directed verdict is proper. The trial court should consider all of the evidence presented prior to the motion for a directed verdict in a light and with all reasonable inferences most favorable to the party opposed to the motion. Theriot v. St. Martin Parish School Board, 434 So.2d 668 (La.App. 3rd Cir.1983).
The issue presented at trial, at the close of the plaintiff’s case, was whether the evidence taken as a whole established that the fire, more probably than not, was caused by defects in the defendants’ house or by the fault of the defendants.
In support of her contention that the trial judge erred in sustaining the motion for a directed verdict, the plaintiff has cited Louisiana Joint Underwriters v. Gant, 439 So.2d 1153 (La.App. 4th Cir.1983), writ den., 443 So.2d 589 (La.1983). In our opinion that case is clearly inapposite. There it was established that the fire started in a locked storeroom which was under the defendants’ exclusive control and the totality of the circumstantial evidence pointed to the defendants’ negligence as being the most plausible explanation of the cause of the fire. No such evidence was presented in this case.
In reviewing the record of this case, in a light and with all reasonable inferences most favorable to the plaintiff, we do not find that reasonable men could arrive at a contrary verdict and that the action of the trial judge was not manifestly in error or clearly wrong.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.

. Suit was also filed against the City of Lafayette alleging negligence in causing the fire at the defendants’ home. A motion for directed verdict at the close of plaintiffs case was made by the City of Lafayette and was also sustained. However, no appeal was taken as to the dismissal of that defendant from this suit and the judgment is now final as to that defendant.