KING, Judge.
The issue presented by this appeal is whether or not the trial court erred in sustaining plaintiff’s exception of prescription and dismissing defendant’s reconven-tional demand.
Edward J. Milligan, Jr. (hereinafter plaintiff) filed suit against D.E. Keele (hereinafter defendant), a former client, seeking payment of professional fees he claims he was owed for legal services. Defendant filed a reconventional demand against plaintiff claiming damages for alleged negligence in failing to timely prosecute his claim. Plaintiff filed a Motion For Summary Judgment on grounds that the legal malpractice action alleged in the reconven-tional demand had prescribed. By agreement of the parties, the Motion For Summary Judgment was converted into an exception of prescription and tried on August 22, 1988. At the close of the evidence, the trial court took the matter under advisement and, on August 26, 1988, rendered judgment sustaining plaintiff’s exception of prescription to defendant’s reconventional demand. On September 6, 1988, defendant filed a Motion For Rehearing which was denied. A formal written judgment dismissing defendant’s reconventional demand was signed on September 15, 1988. Defendant appeals this judgment. We reverse and remand.
FACTS
In April, 1983, defendant hired plaintiff to represent him in a suit to recover oil field equipment he claimed was wrongfully converted by others. Plaintiff, on defendant’s behalf, filed a sequestration action entitled D.E. Keele v. Richard Stakes, et al, bearing Number 83-3839 on the Docket of the Fifteenth Judicial District Court. Nearly two years after filing suit, defendant had still not recovered his equipment. *339 In the early part of 1985, defendant, who at this time was dissatisfied with plaintiffs services, went to plaintiffs office and took his entire file concerning the suit of Keele v. Stakes in order to get- another opinion about his claim. There is a conflict in the testimony as to when defendant actually went to plaintiffs office and took his file, thereby terminating plaintiffs representation.
Defendant, who took the stand to testify at the hearing on the exception of prescription, was asked on three separate occasions the date on which he took his file from plaintiffs office. When he was asked the date the first time, he responded:
“So when I went to Mr. Milligan’s [plaintiffs] office about February the 15th, 1985, to pick up my files to take them to Mr. Brupbacher to get a second opinion; and that’s when I hired Mr. Brupbacher was March the 21st, 1985.”
The next time he was asked the same question, his response was as follows:
“Q. But did you ask him [plaintiff] for your files?
A. Yes, sir. I went there and picked up my files about the middle of —
Q. Did you tell him why —
THE COURT: Wait. Let him finish his answer.
A. About the middle of April.
THE COURT: Of 19?
A. Eighty-five (’85).”
When asked the question again on cross-examination, defendant was still uncertain of the date, and responded:
“Q. When you came and picked up your file, you expressed no dissatisfaction? You merely came and took your file from Mr. Milligan’s [plaintiff’s] office?
A. I told him on about January or February the 15th, that’s when I told him I was going to take the files and go get another opinion.
Q. January or February?
A. February.”
Plaintiff, who also testified at the hearing on the exception, stated that he could not recall the exact date that defendant came into his office and asked for his file, but he knew it was in the early part of January, 1985. The reason he knew it was in January was because a hearing to increase security in the suit of Keele v. Stakes, that was set for the early part of January, had to be continued because he no longer represented defendant. Also, the suit record in the case of Keele v. Stakes reflects that on January 23, 1985, plaintiff filed a formal Motion to Withdraw from representation of defendant.
Stella Guidry, who was executive administrative assistant at plaintiff’s office in January, 1985, also testified at the hearing on the exception. Her testimony corroborated plaintiff’s statement that defendant took his files from the office in the early part of January, 1985. She testified that, on January 10, 1985, a receptionist at the office took a telephone message from the attorney who represented the opposing side in the Keele v. Stakes case. She testified that she spoke with plaintiff about the message and he told her that he no longer represented defendant. After her conversation with plaintiff, Ms. Guidry returned the opposing attorney’s phone call, advised him that their office no longer represented defendant and made a memo to this effect to place in the plaintiff’s files. This memo dated January 16, 1985, along with a copy of the phone message dated January 10, 1985 were introduced into evidence at the hearing on the exception.
There was also conflicting testimony as to whether or not plaintiff made a guarantee or promise to defendant that he would get his equipment back. While defendant claims plaintiff made this promise on four separate occasions, plaintiff stated that he never promised he would be able to get defendant’s equipment back. In fact, plaintiff testified that he foresaw problems getting back some of defendant’s equipment because defendant could not prove ownership of some of the items.
This suit was filed on October 18, 1985 and alleged that in connection with the matter entitled D.E. Keele v. Richard Stakes, et al., plaintiff expended professional time and representation and was entitled to be reimbursed for his services.
*340 On January 23, 1986, defendant filed a reconventional demand seeking damages for plaintiffs failure to timely prosecute his claim.
Plaintiff filed a motion for summary judgment, which was converted into an exception of prescription, asserting that the attorney-client relationship between himself and defendant terminated on January 16, 1985. Plaintiff argues that defendant’s reconventional demand alleging legal malpractice, which was filed on January 23, 1986, was filed more than one year after the termination of their professional relationship, and, for this reason, had prescribed.
The trial court, after carefully considering the evidence introduced at the hearing on the exception of prescription, rendered reasons for judgment including the following findings of fact, which we incorporate herein by reference:
“The Court finds the following facts to be supportive of its ruling that the Re-conventional Demand has prescribed:
1) The allegations of alleged malpractice pertain to acts or omissions occurring during Mr. Keele’s representation by Mr. Milligan, said period of representation being from April, 1983 through January 16, 1985;
2) The damages allegedly sustained by Mr. Keele commenced during his representation by Mr. Milligan and were known or should have been known by Mr. Keele during the period of representation;
3) Mr. Keele’s complaints against Mr. Milligan sound in tort, not in contract, and Mr. Milligan did not guarantee or promise a certain result.
The law applicable to the facts as found hereinabove by the Court supports sustaining the Exception of Prescription. More particularly, the case of Oliver [Olivier] v. National Union Fire Insurance Company of Pittsburgh, PA, 499 So.2d 1330 (La.App. 3rd Cir.1986), sets forth the analysis and rationale used by this Court in determining that the one (1) year prescriptive period is applicable. The Oliver [Olivier] case, as well as the case of Rayne State Bank & Trust Company v. National Union Fire Insurance Company, et al, 483 So.2d 987 (La.1986), support this Court’s conclusion that the one (1) year prescriptive period commenced running on or prior to January 16, 1985, the definitely ascertainable date of Mr. Milligan’s discontinued representation of Mr. Keele.”
Accordingly, the trial court sustained plaintiff’s exception of prescription and dismissed defendant’s reconventional demand. Defendant appeals this judgment.
LAW
While we agree with the factual findings of the trial court and find that they are not clearly in error nor manifestly erroneous, we must nevertheless reverse the trial court’s judgment as a matter of law.
A reconventional demand is an incidental demand. La.C.C.P. Art. 1031(B). Article 1067 of the Louisiana Code of. Civil Procedure provides that:
“An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of main demand or in the case of a third party defendant within ninety days from service of process of the third party demand.”
La.C.C.P. Art. 1067 creates an exemption to prescriptive statutes and applies to incidental demands which would otherwise prescribe after filing of a main or third party demand, by allowing a ninety day extension for filing of the prescribed demand, reckoning from service of the main or third party demand. Smith v. Hartford Acc. & Indem. Co., 399 So.2d 1193 (La.App. 3 Cir.1981).
In this case, defendant’s reconventional demand is not barred by prescription because it meets the criteria of La.C.C.P. Art. 1067. First, the defendant’s reconventional demand was not barred by prescription at the time the plaintiff’s main demand was filed. Plaintiff’s suit for legal fees, the main demand in this case, was filed on October 18, 1985. Using January 15, 1985 as the date prescription would have com *341 menced running on defendant’s claim, which was the date the trial judge determined prescription commenced, January 16, 1986 would have been the last day on which defendant could have timely filed suit on his claim. Therefore, it is clear that defendant’s claim was not barred on October 18, 1985 when plaintiff filed his main demand. Second, defendant’s reeonventional demand was filed within ninety days of the date of service of plaintiff’s main demand. • The record reflects that the main demand was served by personal service on the defendant on October 25, 1985. Computing the time for filing of an incidental demand from October 25, 1985, according to Article 5059 of the Louisiana Code of Civil Procedure, the ninetieth or last day defendant’s reeonventional demand could have been timely filed was January 28, 1986, which was the ninetieth day after service of plaintiff’s main demand. The record reflects that defendant’s reeonventional demand was in fact filed on January 23, 1986. Therefore, defendant’s incidental demand was timely filed in accordance with La.C. C.P. Art. 1067 even though it was prescribed on the date when it was filed.
Although defendant’s reeonventional demand had in fact prescribed at the time it was filed on January 23, 1986, under the exemption of La.C.C.P. Art. 1067 the incidental demand was not barred by prescription.
For these reasons, we reverse the judgment of the trial court and reinstate defendant’s reeonventional demand. The matter is remanded to the trial court for further proceedings. All costs of this appeal are taxed against plaintiff-appellee.
REVERSED AND REMANDED.